# NORRISTOWN TITLE CO. v. HANCOCK INS. CO.

132 385
138 180
132 385
111 112

132 385
207 ²477
23 SC ² 11

132 385
211 ²261

132 385
38SC ²631

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.

Argued February 7, 1890—Decided February 17, 1890.

[To be reported.]

1. When a policy of life insurance does not mention the name of the beneficiary, but it is made payable "to the beneficiary named in the application" therefor, and does not have a copy of such application appended to it, the policy is admissible for the plaintiff in an action thereon, under an offer proposing to follow it with proof that he is the beneficiary referred to therein.

2. The provision in the act of May 11, 1881, P. L. 20, that no application for insurance shall be received in evidence or considered a part of the insurance contract, unless a copy of it shall be attached to the policy, is intended to impose a duty upon the insurer for the protection of the assured; the company, therefore, cannot invoke the act to exclude an application offered in evidence by the beneficiary.

3. When, in an action on a policy referring to the application therefor for the name of the beneficiary, the application has been erroneously rejected by the court, under objection made by the insurance company upon the ground that no copy of it accompanies the policy, the company cannot complain of the subsequent admission of parol testimony that the insured, when applying for the policy, designated the plaintiff as the beneficiary.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 179 January Term 1890, Sup. Ct.; court below, No. 12 March Term 1889, C. P.

On December 8, 1889, the Norristown Title, Trust and Safe Deposit Company, guardian of William Legg, a minor, brought assumpsit against the John Hancock Mutual Life Insurance Company, upon a policy of insurance issued by the defendant upon the life of Annie Cruikshank. The defendant pleaded non-assumpsit.

At the trial on October 15, 1889, it was made to appear that on April 21, 1886, the defendant company issued to Annie Cruikshank a policy of insurance providing as follows:

Statement of Facts.

" The John Hancock Mutual Life Insurance Company, . . . . . in consideration of the payment of forty cents, at noon on Wednesday of each week, during the life of Annie Cruikshank, the insured under this policy, hereby agrees to pay to the beneficiary named in the application for this policy, within twenty-four hours after satisfactory proof of the death of said insured, the amount stipulated in the schedule below. This policy is made and accepted upon the following conditions : If any of the statements or answers made in the application for this policy are in any respect untrue ; or if any assignment hereof is made ; or if any additional insurance is now in force or shall hereafter be effected in this [sic] company (except as hereinafter permitted) without the written consent of the secretary of the company ; . . . . then this policy shall be null and void," . . . .

The plaintiff offered this policy in evidence, to be followed by evidence showing that the plaintiff's ward was the beneficiary therein mentioned.

Objected to by the defendant for the reason that there was nothing on the face of the policy which showed that the plaintiff was entitled to recover.

By the court : Offer admitted ; exception.[1]

The plaintiff then offered the application referred to in the policy, for the sole purpose of showing the beneficiary named therein, said beneficiary being William Legg.

Objected to by the defendant.

By the court : Objection sustained.

The plaintiff then called one Robbins, and offered to prove by him that he was the general agent of the defendant company at the time the policy was issued and that he took the insurance, and to show by him who the beneficiary in the policy was.

Objected to.

By the court : Objection overruled ; exception.[2]

The witness then testified that in April, 1886, he was solicitor and agent of the defendant company ; that he solicited insurance of Annie Cruikshank, insured her life and delivered to her the policy, which was for the same amount as the policy in suit, though he was unable to remember the number of it and say whether or not it was the identical policy sued on ;

that, outside of any written application, he knew that the beneficiary under that policy was William Legg, who was the son of Annie Cruikshank.

The defendant admitted that the plaintiff was the lawful guardian of William Legg; that Annie Cruikshank died on October 8, 1888, and that proper proofs of her death were furnished to the company; that the policy was in force at the time of her death, and that the amount for which the policy was issued was $640.

At the close of the testimony the court, SWARTZ, P. J., instructed the jury to find a verdict in favor of the plaintiff for the amount of the policy, with interest from the date of the death of the assured; exception.[3]

The jury rendered a verdict for the plaintiff for $679.80. A motion for a new trial was subsequently overruled, opinion by SWARTZ, P. J., in part as follows:

The plaintiff called Mr. Robbins, an agent and solicitor for the defendant company, to show that William Legg, a son of Mrs. Cruikshank, was the beneficiary of the policy. Under objection, we allowed the witness to make the proof, provided he could do so without any reference to or aid from the application, which was in writing. . . . .

Upon the trial, as well as upon the motion for a new trial, the defendant contended that there was error in the admission of this evidence. No objection was directed to its sufficiency, only to its competency; this was the sole question discussed. After further examination and deliberation we are still of the opinion that this evidence was competent.

The act of May 11, 1881, § 1, P. L. 20, provides that policies "shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, and the by-laws referred to; and unless so attached and accompanying the policy, no such application, constitution or by-laws shall be received in evidence in any controversy between the parties to or interested in the said policy, nor shall such application or by-laws be considered a part of the policy or contract between the parties."

Failure to comply with the provisions of this act does not make void the contract of insurance. If the contract can be

established without the aid of the written application it may
be enforced.   The act declares that no such application shall
be given in evidence, nor shall such application be considered
a part of the contract between the parties.   The written appli-
cation drops out of the case ; the contract is verbal, so far as
its terms are not set forth in the policy.   In Imperial F. Ins.
Co. v. Dunham, 117 Pa. 473, the court say :  " The applica-
tion, therefore, constituted no part of the policy or of the con-
tract between the parties, and was not receivable in evidence.
The case is to be considered as if no such paper existed."   If
the paper has no existence, we see no reason why Robbins, the
agent who took the insurance, should not name the beneficiary
as given to him by the insured.   This is not giving in evidence
indirectly the contents of the written application, but the giv-
ing of a fact which existed before there could be a written appli-
cation.   The name of the beneficiary must have been agreed
upon before it was noted in the written application.

The policy refers to an application, but does not designate it
as a written application.   Evidence as to what was said when
the insurance was taken, supplies that part of the contract
upon which the policy is silent; it does not contradict or alter
the contract as set forth in the policy.   The exclusion of the
written application from the case, does not render evidence in-
competent which would have been competent if the parties had
omitted the written application.

The act of 1881 was evidently passed in the interest of the
insured.   " The act affords protection to persons who insure
their lives and property, and can injure no company conducted
upon honest business principles " :  New Era Life Ass'n v.
Musser, 120 Pa. 390.   In a suit upon a policy, the beneficiary
was often defeated by the production of a written application
which contained statements for which the insured was not re-
sponsible, or which would have been corrected in the lifetime
of the insured, had his attention been called to them by attach-
ing a copy of the application to his policy.   The defendant
company continued to receive the premiums from Mrs. Cruik-
shank, and if the defence now interposed is sustained, the re-
sult is a hardship little short of fraud, for the company received
her money knowing all the while that it would make no return
therefor.   The company failed to comply with the requirements

of the act of 1881, and now sets up its own failure as a defence to the policy.

Perhaps we were too liberal to the defendant. The plaintiff offered in evidence the application which was produced by the defendant company. It contained the name of William Legg. This offer was made for the purpose of showing the beneficiary named in the application. The parties to the contract referred to this paper to supply an omission; without this supply, the contract was meaningless. If we had sustained this offer we fail to see how the defendant company could have had any just cause of complaint. The act of 1881, which was passed in the interests of the insured, never contemplated that such an improper use would be made of it. The admission of the application for the sole purpose of supplying the name of the beneficiary, is demanded, in order that justice may be done to both parties; it does no violence to the purpose of the act of 1881. If the company is to escape liability upon its policies under the present plea here interposed, then the act of assembly becomes a snare to entrap the ignorant and enrich the insurance companies.

And now, December 2, 1889, the reasons for a new trial are dismissed and the motion is overruled.

Judgment having been entered upon the verdict, the defendant thereupon took this appeal, specifying that the court erred:

1, 2. In the admission of plaintiff's offers.[1] [2]

3. In instructing the jury to find for the plaintiff.[3]

*Mr. G. R. Fox, Jr.* (with him *Mr. G. R. Fox* and *Mr Edward Shippen*), for the appellant:

The application, inasmuch as no copy of it was attached to the policy, could not be used to prove the plaintiff's title, or for any other purpose: New Era Life Ass'n v. Musser, 120 Pa. 384; Imperial F. Ins. Co. v. Dunham, 117 Pa. 460. The contract in this case was therefore incomplete. The attempt to supply the deficiency by verbal testimony ought not to have been permitted. If one fact contained in the application and favorable to the plaintiff can be proved by parol, it necessarily follows that other facts may be proved in like manner, to establish a defence, which would defeat the act of May 11,

1881, P. L. 20, and enable parties to do indirectly what they could not do directly. The insured is as much bound by that act as the insurer.

*Mr. E. F. Slough* and *Mr. F. G. Hobson*, for the appellee, were not heard.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an action brought in the court below on an insurance policy issued by the appellant company upon the life of Annie Cruikshank. The beneficiary appears to have been one William Legg, a minor child, although he was not named as such in the policy. It was proved, however, that he was designated in the application as the beneficiary. It was not disputed that Annie Cruikshank was dead; that the policy was in force at the time of her death; nor that the proper proofs of her death had been made to the company. The case below turned upon a mere technicality; upon the sufficiency of the proof that William Legg was the beneficiary.

The first assignment of error is as to the admission of the policy. It was objected to upon the ground that there was nothing upon its face to show that the plaintiff was entitled to recover; the objection was overruled, and the policy admitted. We see no error in this. It is true, the policy did not show upon its face the right of the plaintiff to recover, and had the plaintiff stopped here his case would have failed. But the policy was one step in the cause, and it was competent to follow it up by any evidence to show who the beneficiary really was.

The next step in the cause was the offer of the application, which, as before stated, contained the name of the beneficiary. This was objected to by the defendant, and excluded. The record does not show for what reason, but we infer that it was because the application was not attached to the policy, as required by the act of May 11, 1881, P. L. 20, which provides that policies " shall contain, or have attached to said policies, correct copies of the application, as signed by the applicant, and the by-laws referred to ; and, unless so attached and accompanying the policy, no such application, constitution, or by-laws shall be received in evidence in any controversy between

the parties to or interested in the said policy; nor shall such application or by-laws be considered a part of the policy or contract between such parties."

In Imperial F. Ins. Co. v. Dunham, 117 Pa. 460, it was said by this Court: "The application . . . . . constituted, therefore, no part of the policy or of the contract between the parties, and was not receivable in evidence. The case is to be considered as if no such paper existed." And in New Era Life Ass'n v. Musser, 120 Pa. 384, we said, referring to the act of 1881, " It is a wise and beneficent act, founded upon sound reasons of public policy. It affords protection to persons who insure their lives or property, and can injure no company conducted upon honest business principles."

The act of 1881 was evidently intended to impose a duty upon insurance companies, and to protect the insured. It had often happened that upon the trial of a case an insurance company would offer a by-law, or the application of the insured, in evidence, for the purpose of impaling the plaintiff upon some technical point. The application, when made, is filed with the company, and when the assured receives his policy he often puts it away, and in time forgets what he had stated in his application. The act of 1881 was passed to compel the company to attach the application to the policy, and upon its failure to do so it cannot be received in evidence. It will be noticed that, in each of the cases cited, the application was offered by the insurance company. This is the first instance, to my knowledge, where a company has been heard to object to the admission of the application in evidence, when such offer came from the insured. To sustain such an objection on the part of the company, is to allow the latter to take advantage of its own neglect in not complying with the act of 1881. We therefore think the court below erred in excluding this application. This appeal, however, is by the company, and, as the point was ruled in its favor, we would not have noticed it, but for its relation to the ruling of the court below to the offer of evidence contained in the second assignment.

After the learned judge had excluded the application, the plaintiff offered to prove by parol that Legg was the beneficiary. This was admitted under objection and exception. The learned judge could not well have done otherwise, after his

former ruling, without turning the plaintiff out of court. This testimony was not strictly regular, but the defendant company, having objected to and excluded the best evidence, cannot now be heard to complain that secondary evidence was received. Upon the whole, we think a correct result was reached, though not by the most direct path.

Judgment affirmed.