Statement of Facts.

## L. S. HEBB ET AL. v. KITTANNING INS. CO.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF ARMSTRONG COUNTY.

Argued October 15, 1890—Decided November 3, 1890.
[To be reported.]

1. In an action upon a policy of fire insurance, when the plaintiff's state-
ment of claim is accompanied by a copy of the policy sued on, judgment
may be taken, under § 5 of the procedure act of May 25, 1887, P. L.
271, for want of an affidavit of defence, or of a sufficient affidavit of de-
fence.

2. It was not intended to rule, in Erie City v. Butler, 120 Pa. 374, that an
incidental reference to a paper, in an affidavit of defence, renders it
necessary to attach a copy thereof; but, when the paper is an important
factor, and the defendant attempts to set up his interpretation thereof
or inferences from it, as a defence, a copy must be attached.

3. The act of May 11, 1881, P. L. 20, providing that an application for
insurance shall not be received in evidence or considered a part of the
contract between the parties, unless a copy is attached to the policy, ap-
plies in cases of policies issued by companies incorporated under the
laws of Pennsylvania upon property situated in another state.

4. To hold otherwise would be to give the act too narrow a construction:
the act was intended to provide a uniform rule of procedure, and to ap-
ply to all insurance companies incorporated in this state, and to all
other corporations insuring lives or property within the state: Per Mr.
Chief Justice PAXSON.

5. A copy of the policy attached to plaintiff's statement of claim showing
no copy of the application attached, an affidavit of defence setting up
misrepresentations contained in the application, but not averring com-
pliance by the company with the provisions of the act of May 11, 1881,
was insufficient to prevent summary judgment.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 177 October Term 1890, Sup. Ct.; court below, No. 144
June Term 1888, C. P.

On April 14, 1888, Lavina S. Hebb and Thomas F. Hebb
brought assumpsit against the Kittanning Insurance Company,
upon a policy issued by the defendant, dated June 3, 1887, in-
suring the plaintiffs against damage by fire to the amount

of $833.33, as follows: $666 on a frame hotel building at St. George, Tucker county, West Virginia, and $167.33 on furniture, etc., contained in said building.

The plaintiffs' statement of claim recited the contract of insurance contained in the policy, and averred that on December 16, 1887, during the term for which the policy was issued, the property insured thereby was totally destroyed by fire, the hotel building being then worth at least $3,000 and the personal property at least $573.35; that, on the same day, the plaintiffs gave the defendant notice of said loss, and afterwards, to wit, on December 21, 1887, delivered to the defendant as particular an account thereof as the nature of the case permitted, and produced to the defendant full and adequate proofs; that the plaintiffs had in all respects complied with the conditions of said policy, but the defendant had not paid or made good said loss, and there was now due from the defendant to the plaintiffs, $833.33, with interest from March 22, 1888. A copy of the policy sued on was appended to the statement of claim as a part thereof, but no copy of the application for the insurance was attached to the copy.

The defendant, having been served with a copy of the statement of claim, filed an affidavit of defence, which, after averring that the paper called a declaration and statement, filed by the plaintiff, was wholly insufficient and defective under the law and practice of this commonwealth, and reserving all objections thereto, set out a defence to the plaintiffs' claim as follows:

" That the said plaintiffs, by the application and otherwise, did procure the policy of insurance sued upon, by representing and alleging that the building embraced by the said policy of insurance and insured by said company defendant, was wholly owned, possessed and controlled by said plaintiffs, as a three story frame shingle-roof hotel, with two story addition, situated as the said policy described, in fee; whereas in truth and in fact, the said plaintiffs were not the owners, possessors or controllers of the whole of said building, nor was its use and occupation at the time the property was insured, before or since, occupied wholly as a hotel; nor had the said plaintiffs fee title to whole of said building and ground upon which it was situated, but that of one room in said building the fee title was

Opinion of Court below.

in and yet continues in St. George Lodge No. 39, I. O. O. F., used and controlled by said lodge and without the control of said plaintiffs; and also there was one room and ware-room in said building occupied by W. A. Lipscomb & Co., as a store, which was a fact at the taking out of the policy of insurance, and did so continue to the date of the said fire; which facts the said company ascertained only from the plaintiffs' proofs of loss since said fire, and was never informed or made aware of the said facts in any other manner or at any other time, but the same facts were fraudulently concealed from said company by the said plaintiffs.

"And the said defendant company further says that by the terms of the policy sued upon, it is thus provided: 'No. 1. Conditions and limitations of this insurance; What will render this policy void unless stated—: This company will not be liable under and by virtue of this policy if there be any omission, misrepresentation, non-disclosure or concealment of the title, encumbrance, condition, location or occupancy of the property, etc., etc.; in each and every case, this insurance is void and this policy ceases and determines.' And the said company defendant further says that by reason of said condition, and the said concealments, etc., the said insurance was void and the policy was of non effect, and before the said fire by the reason of the premises the said policy had wholly ceased and been determined. All of which facts this company defendant can prove on the trial of the case, by legal and competent evidence."

The History of the Case of the defendant company (appellant) stated that the application, referred to in the affidavit of defence, was in writing.

A rule for judgment for want of a sufficient affidavit of defence having been argued, the court, NEALE, P. J., on August 5, 1889, filed the following opinion:

Whether or not the defendants have a meritorious defence to this action, we cannot say. The affidavit of defence would indicate that the defence would be meritorious; but, by reference to the authorities cited by the plaintiff, it would seem that the affidavit of defence is insufficient.

The act of May 11, 1881, P. L. 20, makes it obligatory upon this defendant company to attach to the policy a copy of

Arguments.

the application, otherwise it is not to be received in evidence or made a part of the contract. And, whilst the affidavit of defence refers to this, as a part of the contract, nowhere is this fact set out. Nor is any other paper presented to the court, either by copy or otherwise, by the defendants. We are therefore left wholly to inference, or compelled to accept the defendant's conclusions, which cannot be done. The case of Erie City v. Butler, 120 Pa. 374, is a strong authority upon this point, and under that authority we feel constrained to sustain the motion. The rule for judgment is therefore made absolute.[1]

—On August 6, 1889, upon application of the defendant for a re-argument, the court granted a rule to show cause why the judgment should not be opened. After argument thereof, the court, RAYBURN, P. J., on August 4, 1890, discharged the rule to open, at the cost of the defendant; exception.[2]

Thereupon the defendant took this appeal, specifying that the court erred:

1. In making absolute the rule for judgment.[1]

2. In discharging the rule to open the judgment.[2]

*Mr. M. F. Leason* (with him *Mr. H. L. Golden* and *Mr. J. H. McCain*), for the appellant:

1. The procedure act of May 25, 1887, P. L. 271, did not change the law and practice which prevailed prior to its passage, respecting affidavits of defence. In § 5 it provides that judgments for want of a sufficient affidavit shall be taken "in accordance with the present practice." An insurance policy does not come within the affidavit of defence law, as it is not an instrument for the payment of money, but a contract of indemnity; and the insurer's liability, in the event of a fire, is conditioned upon the performance of certain duties by the assured, and dependent, as to its extent, upon the existence and amount of concurrent insurance, as well as upon the value of the property destroyed: Morton v. Insurance Co., 12 Phila. 246; Karthans v. Insurance Co., 1 Pears. 104; Miller v. Insurance Co., 1 Pears. 106; Borlin v. Commonwealth, 99 Pa. 46. The only exception to this is when the insurance company has made an adjustment of the loss: Endlich on Aff. of Def., §§ 182, 183. In Lycoming Ins. Co. v. Dickinson, 4 W. N. 271, this court sustained a judgment for want of an affidavit of defence in a

suit on an insurance policy, but the decision was rested upon the peculiar phraseology of a Rule of Court in Blair county, and therefore the case is an authority in our favor.

2. The affidavit filed presented a sufficient defence. In holding the affidavit insufficient because it was obligatory on the company, under the act of May 11, 1881, P. L. 20, to attach the application to the policy, the court erred: (*a*) Because that act is in conflict with § 7, article III., of the constitution, being an attempt to prevent persons who are sui juris from making contracts of insurance in a manner to suit their own pleasure: Godcharles v. Wigeman, 113 Pa. 437; and (*b*) because, by its terms, the act limits its operation to policies upon property and persons within this state, and therefore it does not apply in the present case. Nor was it necessary to attach a copy of the application to the affidavit. We do not understand Erie City v. Butler, 120 Pa. 374, as deciding that every mention made of a paper in such an affidavit makes this necessary. It is necessary only where the court would be called on to judge of the legal effect of the paper referred to, in order to determine the sufficiency of the affidavit. The mention of the application in this instance was purely incidental. The affidavit would be sufficient if that word were expunged, and it alleges representations "otherwise." It merely indicates the sources of, the defendant's evidence, which it was unnecessary to recite. Nor does the affidavit allege that the application was in writing. It is immaterial whether it was or not, as the court could not judge of its legal effect until proof had been made that its contents were false. Hence it does not come within the reason of Erie City v. Butler, supra.

*Mr. W. D. Patton*, for the appellees:

1. The decisions made in this case by two of the president judges of the courts of Armstrong county, familiar with their own rules of practice, should have greater weight than the decisions made in Philadelphia and Dauphin counties, so much relied on by the appellant. It has never been questioned in Armstrong county, since the decision in Lycoming Ins. Co. v. Dickinson, 4 W. N. 271, that judgment could be taken in a case of this kind for want of an affidavit of defence. Our Court Rules are similar to those upon which that case was decided.

Opinion of the Court.

But the procedure act of May 25, 1887, P. L. 271, has a wider scope than the old affidavit of defence law: Byrne v. Hayden, 124 Pa. 170.

2. The act of May 11, 1881, P. L. 20, has been passed upon over and over again by this court.   Its constitutionality and beneficial character are supported by the decisions: Norristown Title Co. v. Insurance Co., 132 Pa. 391.   It is a procedure act, and was intended to apply to all policies sued on within this state. Moreover, the defendant's affidavit is clearly evasive.   It states that the facts alleged were ascertained only from the proofs of loss, since the fire.   But where are the proofs of loss and the application?   They are in the hands of the defendant, and why are they not produced?   When reference is made in an affidavit of defence to a paper, a copy must be annexed to enable the court to judge of its legal effect: Erie City v. Butler, 120 Pa. 374.

OPINION, MR. CHIEF JUSTICE PAXSON:

The first point suggested by the affidavit of defence, is that, under the declaration accompanied by a copy of the policy of insurance sued upon, an affidavit of defence was not necessary. In Lycoming Ins. Co. v. Dickinson, 4 W. N. 271, this court sustained a judgment for want of an affidavit of defence in a suit brought upon an insurance policy.   " And," as was said in Byrne v. Hayden, 124 Pa. 170, " the act of 1887, providing for filing of statement of claim, etc., was intended to have a wider scope than the old affidavit of defence law."   We do not regard this point as well taken.

Nor do we think the affidavit sufficient to prevent judgment. The most important matters contained therein are conclusions drawn by defendant from two papers viz., (*a*) the application, and (*b*) the proofs of loss.   There was not a copy of either paper attached to the affidavit.   It was held in Erie City v. Butler, 120 Pa. 374, that where, in an affidavit of defence, reference is made to a paper, a copy must be annexed in order that the court may judge of its legal effect.   In that case, the affidavit referred to the contract between the city and the contractor, which was the subject-matter of the suit.   The defendant gave his version or understanding of the contract in his affidavit. We held that he should have attached a copy, in order that the

court might construe the contract. This ruling needs no vindication. It was not intended by that case to rule that a mere incidental reference to a paper or writing necessarily involves the placing of a copy on the record. But, where the paper is an important factor in the case, and the defendant attempts to set up his interpretation of it as a defence to the action, or draws therefrom alleged facts as a defence, he must attach a copy to his affidavit.

The learned judge below made the further point in regard to the application, that by the act of May 11, 1881, P. L. 20, it is the duty of the insurance company to attach to the policy a copy of the application; otherwise, it is not to be received in evidence or made a part of it. In Imp. F. Ins. Co. v. Dunham, 117 Pa. 460, we sustained the court below in excluding the application because it was not attached to the policy, Mr. Justice CLARK saying: " No copy of the application or of the by-laws of the company was attached to the policy, as that act (1881) requires; it constituted, therefore, no part of the policy or of the contract between the parties, and it was not receivable in evidence. The case is to be considered as if no such paper existed." To the same effect is New Era Life Ass'n v. Musser, 120 Pa. 384. In Norristown Title Co. v. Insurance Co., 132 Pa. 391, we held that this provision in the act of 1881 was a duty imposed upon the company for the benefit of the assured, and that when they had neglected to attach the application to the policy, they had no standing to object to the admissson of the application because not attached. The affidavit of defence, here, makes no mention of the fact that the application was attached to the policy; the defendant could not offer it in evidence unless so attached, nor does it form any part of the contract between the parties. The affidavit omits the very thing necessary to give the paper referred to any force whatever.

It was urged, however, that the act of 1881 applies only to "policies upon the lives or property of persons within this commonwealth," and that, as the property insured by the defendant company was located in the state of West Virginia, the rule above stated does not apply. We regard this as a narrow construction of the act. We think it was intended to produce a uniform rule of procedure, and to apply to all insurance companies incorporated by the laws of this state, and to all other corporations insuring lives or property within the state.

Statement of Facts.

Both of these important papers were in the possession of the defendant company, and might and should have been attached to the affidavit. This court could then have judged how far they showed cause of defence to plaintiffs' claim and sustained the construction placed upon them by the defendant company.

Judgment affirmed.

MR. JUSTICE MITCHELL noted his dissent.

