KEEN v. MUTUAL LIFE INS. CO. OF NEW YORK.

(Circuit Court, E. D. Pennsylvania.  August 1, 1904.)

No. 9.

1. INSURANCE—ACTION ON POLICY—AFFIDAVIT OF DEFENSE—DOCUMENTS—COPIES.

Where, in an action on a policy of life insurance, the affidavit of defense charged false answers and representations in the application for the policy and in certain letters written between the parties, but failed to contain a copy of such application and letters, it was insufficient.

2. SAME—PROVISIONAL POLICY—REJECTION OF RISK—NOTICE.

Where a provisional certificate of insurance for 90 days provided that, if the officers of defendant company should not agree to continue the insurance during said 90 days, they might terminate it any time prior to the expiration of that term, and in such case the provisional policy should be null and void; but that, if the application for insurance was accepted by defendant's officers, a permanent policy should be made out and delivered to the insured as soon as may be, and the amount paid for the provisional policy credited on the first year's premium on the permanent policy, and defendant gave no notice to insured within the 90 days that it elected to terminate the insurance, and took no steps to return the premium paid for the provisional policy, at the end of that period insured was entitled to assume that his permanent policy took effect, and was in force at his death shortly thereafter.

Francis S. Laws, for plaintiff.
Charles P. Sherman and John G. Johnson, for defendant.

HOLLAND, District Judge.  This is a motion for judgment for want of a sufficient affidavit of defense to a suit instituted by the plaintiff to recover the amount of a life insurance.  The defendant, on the 4th day of November, 1902, issued a provisional policy of life insurance for the term of 90 days from date, to wit, until the 2d day of February, 1903, on the life of John E. Keen, the husband of the plaintiff, who at that time resided at Constantinople, Turkey.  The plaintiff's statement shows that the insured died March 26, 1903, after the expiration of the 90 days for which the provisional policy was issued.  The statement further avers that in the latter part of February, 1903, the insured, by his agent, made a demand upon the defendant at Constantinople, Turkey, for a permanent policy of insurance, to be issued in pursuance of said provisional policy, or a return of the premium, and that the defendant refused to return the premium, and advised the said insured that his application for permanent policy had been accepted by the home office of the defendant in New York, and that a permanent policy would be delivered in the due course of mail, and that the defendant never returned, or offered to return, the premium, and still retains the same.

The provisional policy, executed November 4, 1902, is "for the term of ninety days from date, to wit, until the 2d day of February, 1903, subject to the usual terms of said company's policies.  It is expressly stipulated that if the officers of said company at New York shall not agree to continue the insurance during the said ninety days, they may

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1611.

terminate said insurance any time prior to the expiration of said ninety days by mailing a registered letter to the said Keen informing him of their decision, and said insurance shall thereupon become null and void. In such a case this provisional policy shall become null and void and shall be returned to the company at Paris, against reimbursement of the sum paid. If, on the other hand, the application for insurance is accepted by the officers of said company at New York, a permanent policy shall be made out and delivered to the insured as soon as may be, and the amount herein acknowledged to have been received by the company in exchange for this provisional policy shall be allowed in payment of first premium on said insurance."

The affidavit of defense denies that any insurance existed at the time of the death of the said Keen, as the provisional policy lapsed at the expiration of the 90 days, and that the company (defendant) offered to return said premium upon the return of the said provisional policy, but said offer was not accepted, and that the application for permanent insurance was not accepted by the officers of the company at New York; never agreed or authorized any one to express its agreement to the issuance of such permanent policy; and that no permanent policy was ever delivered to the said John E. Keen, and no contract of insurance other than the provisional policy was ever entered into by the defendant with the said Keen. It further denies that it refused to return said premiums, or that it advised the insured that his application for a permanent policy had been accepted by the home office in New York, or that a permanent policy would be delivered in due course of mail, and alleges that, on the contrary, before the death of the said John E. Keen the defendant, by its officers at New York, became satisfied that it had been deceived in certain material matters, and forthwith without delay, by cable and mail, notified its said director general for the Levant, in Paris, not to deliver any permanent policy to the said Keen, and to return to the said Keen the premiums which he had paid upon the provisional policy which had been issued. The affidavit then gives a meager and insufficient statement of the answers to questions in the application and in letters, without appending a copy of either; averring that the representations made by the insured that "he had not previously made application for insurance in other companies and been refused," that the "last physician he consulted was Dr. Patterson," and "has not been seriously ill," were false, without giving any other company to which he had applied and been refused, or any physician that he had consulted, and without appending a copy of any letters in which these alleged false answers were made, or the application which was executed at the time of executing the provisional policy containing his answers. It did, however, state that he had been operated upon in May, 1902, for tubercular orchitis by a physician other than the said Dr. Patterson, without giving the name of the physician, or where the operation took place. The affidavit of defense as to the false answers is clearly insufficient, as the law requires that, where a paper is an important factor in a case, and the defendant attempts to set up his interpretation of it as a defense to the action, or draws therefrom alleged facts as a defense, he must attach a copy of his affidavit. Hebb v. Kittanning Insurance Co., 138 Pa. 174, 20 Atl. 837; Erie City v. But-

ler, 120 Pa. 374, 14 Atl. 153; McCracken v. Ref. Con., 111 Pa. 106, 2 Atl. 94; Peck v. Jones, 70 Pa. 83.

It is further necessary to consider whether there is a valid defense set up other than the one of fraud and misrepresentation, and this involves a construction of the provisional certificate of insurance. This provisional certificate was for 90 days from November 4th "until the 2d day of February, 1903," with the provision that, "if the officers of said company at New York shall not agree to continue the insurance during the said ninety days, they may terminate said insurance any time prior to the expiration of said ninety days, * * * and in such case the provisional policy shall become null and void; * * * on the other hand, if the application for insurance is accepted by the officers of said company at New York, a permanent policy shall be made out and delivered to the insured as soon as may be." It is manifest that this provisional certificate was for 3 months, for the purpose of giving the officers at New York time and a chance to investigate the risk of insuring the applicant, and in case of an adverse finding they could nullify the whole contract at any time within the 90 days by informing the applicant. Then follows the provision that, if the "application for insurance" is accepted, a permanent policy shall be made out. The defendant does not claim that there was any notice of its intention to terminate this insurance any time prior to the expiration of the 90 days, and a fair construction of the contract entitled the insured to assume that his insurance was accepted. The provisional policy was issued for three months, which was to be merged in a permanent policy at the end thereof, unless the company found reasons during that time for terminating the insurance, when the provisional policy was to become null and void at the same time upon the receipt of notice. No notice was given, and we think, therefore, at the end of the expiration of the provisional policy the insured had a right to assume, from the language of his provisional policy, that his permanent policy took effect, unless otherwise notified. This view is strengthened by the fact that there is no requirement in the provisional policy that any notice of an acceptance during the 90 days to continue the permanent policy thereafter will be given, and no provision is made for the return of any portion of the money when the insurance is not nullified during the 90 days, which would indicate the understanding to be that, when no termination of the policy took place within the 90 days, the insurance was to be continued, and a "permanent policy would be made out and delivered to the insured as soon as may be," the amount paid to be applied to the first year's premium. We think, therefore, for these reasons, that the decedent was insured at the time of his death, whether defendant had actually executed and delivered the policy or not. He was entitled to the policy under the contract. No money had been returned, nor had the insurance been terminated, in accordance with the provisions in the agreement; and its failure to carry out its part of the contract by not executing the permanent policy of insurance does not relieve it from liability.

Judgment is therefore entered for the plaintiff for the sum of $4,850, with interest from May 26, 1903.