## Derr Lumber Co. *v.* Johnson, Appellant.

*Mechanics' liens—Service of notice—Evidence—Proof—Written evidence—Copy of written instrument—Affidavit of defense.*

Where a paper is an important factor in a case, and the defendant attempts to set up his interpretation of it as a defense to the action or draws therefrom alleged facts as a defense, he must attach a copy of the paper to his affidavit.

When an affidavit of defense to a scire facias sur mechanic's lien admits that notice of the intention to file a lien was given, but denies the sufficiency of the notice, the affidavit is insufficient if it fails to set forth a copy of the notice.

Argued November 15, 1920.   Appeal, No. 156, Oct. T., 1920, by defendant, from judgment of C. P. Delaware County, March T., 1917, No. 23, Mechanic's Lien Claim, making absolute rule for judgment for want of a sufficient affidavit of defense, in the case of the Derr Lumber Company, a corporation, v. Hattie I. Johnson, owner or reputed owner.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Scire facias sur mechanic's lien.   Before JOHNSON, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule for judgment for want of a sufficient affidavit of defense.   Defendant appealed.

*Error assigned* was the order of the court.

*J. Quincy Hunsicker,* and with him *Edward H. Cushman,* for appellant.—The notice to the defendant was insufficient: Wolf Company v. Penna. R. R. Co., 29 Pa. Superior Ct. 439; McVey v. Kaufman, 223 Pa. 125; Miller v. Fitz, 41 Pa. Superior Ct. 582; Mansfield v. Ocipa et al., 28 Pa. Dist. Rep. 121.

No appearance and no printed brief for appellee.

OPINION BY LINN, J., March 5, 1921:

This is an appeal from a judgment for want of a sufficient affidavit of defense to a scire facias on the mechanic's claim of a subcontractor.   The only question is whether defendant denied the following allegation of the claim: "7. Service of notice in writing to the said Hattie I. Johnson of the intention of the Derr Lumber

Company to file this claim was made upon the said Hattie I. Johnson personally on January 22, 1917." In the affidavit of defense filed June 27, 1918, the answer to that paragraph is "7. Admitted." Later, on October 26, 1918, plaintiff filed a petition to amend the claim and after hearing was permitted to do so. This amendment did not change the 7th averment. On May 19, 1919, a supplemental affidavit of defense was filed, in which the answer to the 7th averment is as follows: "7. It is true that written notice was served by the Derr Lumber Company on me on January 22, 1917, of its intention to file a mechanic's claim, but I deny that any notice was filed by the Derr Lumber Company of its intention to file a mechanic's claim in accordance with section 8 of the Act of Assembly approved June 4, 1901, as amended." On May 20, 1919, this rule for judgment was taken. On June 7, 1919, an amended supplemental affidavit of defense was filed, amplifying the 7th paragraph of the supplemental affidavit by adding: "in that in the said notice of intention to file a mechanic's claim there is no averment that the Derr Lumber Company is a subcontractor, nor are any facts averred showing the relationship which existed between it and the contractor. Further, that the terms of the contract are not set forth, nor is it shown whether the contract was oral or in writing, and, if in writing, no copy of the contract was attached to the said notice." Defendant had the original notice served, but gives no reason for not incorporating a copy of it in either of the supplemental affidavits. Apparently the production of the notice would determine this dispute, but neither defendant's opinion of the law nor her interpretation of the notice without more can stop judgment; the court must see the notice to determine whether her interpretation is good or not; "......where the paper is an important factor of the case, and the defendant attempts to set up his interpretation of it as a defense to the action, or draws therefrom alleged facts as a defense, he must attach a copy to his affidavit": Hebb v. Insur-

ance Co., 138 Pa. 174, 180.   While the Act of April 17, 1905, P. L. 172, does not require that a mechanic's claim contain an averment "when and how notice was given to the owner of an intention to file the claim" as was formerly required by section 11 of the Act of 1901, P. L. 431, notice of intention must still be given. pursuant to section 8 of the Act of 1901 as amended by the Act of March 24, 1909, P. L. 65, and failure to give such notice is a defense: McVey v. Kaufmann, 223 Pa. 125.   We cannot adopt defendant's contention which would require plaintiff to attach a copy of the notice to the claim.

The judgment is affirmed.