## THE NEW ERA LIFE ASS'N v. E. N. MUSSER.

ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 25, 1888—Decided May 14, 1888.

The act of May 11, 1881, P. L. 20, providing that in all cases in which a policy of insurance contains a reference to the application of the assured, the company shall attach a copy thereof to the policy, and that "unless so attached and accompanying the policy no such application . . . . . shall be received in evidence in any controversy between the parties to or interested in the policy, nor shall any such application . . . . . be considered a part of the policy or contract between such parties," is not unconstitutional as impairing the obligation of the contract between the company and the assured.

Before PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; GORDON, C. J., and TRUNKEY, J., absent.

---

* Seven other like cases argued with this.

No. 435 January Term 1888, Sup. Ct.; court below, No. 448 August Term 1885, C. P.

An appeal was taken by the defendant from the judgment of a justice of the peace in favor of The New Era Life Association of 1876 against E. N. Musser, for $21.63, the amount of several assessments upon a policy of insurance for $1,000, issued to the defendant, during the life of the policy.

At the trial on December 2, 1887, the title of the cause was amended by adding to the party plaintiff, "For the use of J. M. Weistling, receiver." It appeared that plaintiff company had been incorporated under § 28 of the Corporation Act of April 29, 1874, P. L. 84, and conducted its business of life insurance on the assessment plan.

The signature of the defendant being admitted, the plaintiff offered in evidence the defendant's application for a policy of insurance in this company dated May 25, 1881.

Mr. Beltzhoover: We object, that the application is dated May 25, 1881; that the act of the legislature of May 11, 1881, requires that a copy of this application and of all applications for insurance be attached to the policies issued, and in the event that they were not so attached, they cannot be offered in evidence in any proceeding or contention, in which they are involved, in court; that no copy of this application was attached to the policy issued to the defendant, while it is referred to and made a part of the contract stated in the policy of insurance, and therefore the evidence is not competent and cannot be admitted.

By the court: The policy is not now offered in evidence and is not subject to the inspection of the court. The objection at this point is premature, and for that reason we overrule it and seal a bill for the defendant.

The policy issued to the defendant and admitted to have been received by him, being lost, a policy issued to Rebecca R. Musser was admitted to contain the same provisions. This policy provided: "Rebecca R. Musser, of . . . . . , having made an application for membership, dated . . . . . This Indenture witnesseth: That in consideration of the statements, conditions, covenants, and warranties therein contained, and the acceptance of this certificate of membership, she shall

thereupon become a member of The New Era Life Association of 1876, of Philadelphia, Pa."

The court, BARNETT, P. J. 41st judicial district, holding special term, charged the. jury and answered the points presented as follows:

The plaintiff has presented three points on which we are asked to give you instructions. The first point is:

1. The court is requested to charge the jury that the act of May 11, 1881, does not apply to the contract which is the basis of the claim in suit.

Answer: We decline to affirm this point as presented.[1]

2. That the said act is unconstitutional in that it violates the obligation of the charter contract of the corporation plaintiff.

Answer: We decline to affirm this point.[2]

3. The said act is unconstitutional in that it is an attempt to prevent persons who are sui juris from making their own contracts.

Answer: We decline to affirm this point.[3]

The defendant has asked us to say to you:

1. If the jury believe from the evidence in the case that the policy issued to Dr. Musser, on May 26, 1881, had no copy of the application attached to or included therein, then under the act of the assembly of May 11, 1881, "such application shall not be received in evidence in any controversy between the parties to or interested in the said policies, nor shall such application be considered a part of the policy or contract between the parties;" there being a plain reference to said application in said policy and forming a part thereof.

Answer: This we affirm.[1]

We say to you, therefore, gentlemen, that if you are satisfied from the evidence in this case that there was in the policy issued by the plaintiff to the defendant, a reference to the application made by the defendant, then it appearing that that application was not attached to the policy, the plaintiff is not entitled to recover. The only evidence in this case referring to that, is the policy which is not denied to have been similar in its terms to the one issued to the defendant. In that policy there is a reference to the application · upon which it was

issued, and if the jury believe that the defendant's policy was similar in its language and terms to the one which has been read in your hearing, then we say to you that the application upon which the plaintiff bases his suit could not be properly considered in evidence, and inasmuch as under the act of assembly it forms no part of the contract between the parties, the plaintiff could not recover.

The verdict of the jury was in favor of the defendant, and judgment being entered, the plaintiff took this writ assigning as error:

1. The refusal of the plaintiff's, and the affirmance of the defendant's first point.[1]

2. The refusal of the plaintiff's second point.[2]

3. The refusal of the plaintiff's third point.[3]

*Mr. Robert Snodgrass* (with him *Mr. J. W. Wetzel*), for the plaintiff in error:

1. The plaintiff company was incorporated under § 28, act of April 29, 1874, P. L. 84. By § 25 of the same act, "no modification or repeal of this act shall affect any franchise obtained under the provisions of the same." Under said sections the corporation in question became possessed of extensive franchises. As to contracts it was authorized to make, its powers were practically unlimited, and none of these powers which had become vested rights could be modified without trenching upon its charter contract as protected by said act as well as by the constitution of the United States. "The legal remedies for the enforcement of a contract which belong to it at the time and place where it is made, are a part of its obligation. A state may change them, provided the change involve no impairment of a substantial right. If . . . . the legislative acts of a state fall within the category last mentioned they are to that extent utterly void. They are, for all the purposes of the contract which they impair, as if they had never existed:" Gunn v. Barry, 15 Wall. 623.

.2. At the time of its incorporation in 1876, the plaintiff company had the undoubted right under its charter to make its contracts of insurance in any form and subject to any conditions it pleased. There were no restrictions, either as to the subject matter and form of its contracts or the legal remedies

to enforce them. Now, the act of 1881 not only attempts to establish a rule of evidence applicable to the enforcement of insurance contracts, but practically destroys its contracts, by providing that if they are not proven in a certain way they shall not be proven at all. In other words, after the execution of a perfectly legal contract by persons and parties who are sui juris, the act undertakes to say that you shall not have the fruits of that contract unless you have executed it in a prescribed form, and have attached to it certain papers which do not necessarily constitute a part of it, and upon which the rights of the parties may in no wise depend.

3. "The states may change the remedy, provided no substantial right secured by the contract is impaired. Whenever such a result is produced by the act in question, to that extent it is void. The states are no more permitted to impair the efficacy of a contract in this way than to attack its vitality in any other manner. Against all assaults coming from that quarter, whatever guise they may assume, the contract is shielded by the constitution. It must be left with the same force and effect including the substantial means of enforcement which existed when it was made. The guarantee of the constitution gives it protection to that extent:" Walker v. Whitehead, 16 Wall. 318. So, Edwards v. Kearsey, 96 U. S. 600; Tennessee v. Sneed, 96 U. S. 69; Memphis v. United States, 97 U. S. 293; Penn. College Cases, 15 Wall. 623. The conclusion from these adjudications is, that the act of 1881 impairs the obligation of the charter contract of the plaintiff company. It is but another attempt to prevent persons who are sui juris from making their own contracts: Godcharles v. Wigeman, 113 Pa. 431.

*Mr. F. E. Beltzhoover* (with him *Mr. F. Maust*), for the defendant in error:

1. Unless the act of May 11, 1881, P. L. 20, clearly and undoubtedly impairs the obligation of the plaintiff's charter, it will not be held unconstitutional. To doubt, is to decide in favor of its constitutionality: Fletcher v. Peck, 6 Cranch 128; Craig v. Presbyterian Church, 88 Pa. 46; Powell v. Commonwealth, 114 Pa. 265.

2. The act does nothing more than to provide that in evi-

dencing the contracts which the plaintiff makes under its charter, it must give those with whom it deals the entire contract—the application and the policy founded on it—just what the corporation itself has in all cases. It does not change, or limit, or impair the remedies for the enforcement of the contract. It is authorized under the sovereign powers of the state to enact laws for the public good, these powers extending " to the protection of all property within the state and by which persons and property are subjected to all kinds of burdens and restraints: " New Orleans Gas Light Co. v. Louisana Co., etc., 115 U. S. 650; Phelps's App., 98 Pa. 546; Antoni v. Greenhow, 107 U. S. 769; Supervisors v. Dennis, 96 Pa. 400; Long's App., 87 Pa. 114; B. & O. R. Co. v. Nesbit, 10 How. 375.

OPINION, MR. JUSTICE PAXSON:

We are of opinion that this case comes within the act of May 11, 1881. The policy issued to Dr. Musser had no copy of the application attached thereto, as required by that act, and, as there was a distinct reference in the policy to the application, the learned judge committed no error in refusing the plaintiff's first point, and in affirming the defendant's point.

Nor have we any reason to doubt the constitutionality of the act of 1881. It does not impair in any sense the obligation of the contract between the company and the assured. It does not even impair the remedy. It affects only the evidence necessary to entitle the plaintiff to recover, by requiring the company, in all cases where the policy contains a reference to the application, to attach a correct copy of such application as signed by the applicant, to the policy, and " unless so attached and accompanying the policy, no such application . . . . shall be received in evidence, in any controversy between the parties to, or interested in, the said policy, nor shall such application be considered a part of the policy or contract between the parties." This affects merely the formalities to be observed in making proof of the contract. It is difficult to distinguish the act of 1881 in principle from an act requiring deeds and other instruments to be stamped, and that contracts for the sale of land shall be in writing. The act of 1881 was but the exercise

of the clearly recognized power of the state to regulate the mode by which contracts shall be made and proved. It is a wise and beneficent act, founded upon sound reasons of public policy; it affords protection to persons who insure their lives or property, and can injure no company conducted upon honest business principles.

Judgment affirmed.