THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, complainant-appellant,

*v.*

THOMAS NILAND, administrator of the estate of Thomas Niland, deceased, defendant-respondent.

[Submitted May term, 1932. Decided October 17th, 1932.]

*Messrs Perkins, Drewen & Nugent,* for the complainant-appellant.

*Mr. Nathan Susskind (Mr. Aaron A. Melniker,* of counsel), for the defendant-respondent.

The opinion of the court was delivered by

CASE, J.

The case comes up on the appeal of the Prudential Insurance Company from a decree of the court of chancery adverse to the appellant on the latter's bill to rescind an industrial insurance policy and to restrain the adminis-

trator of the deceased insured from continuing an action on the policy in the Bayonne district court.

The bill of complaint alleged that Thomas Niland had induced the complainant to enter into the contract of insurance by false and fraudulent statements concerning his physical and mental condition and history; that such statements, contained in the application for insurance, were not only known to Niland to be untrue but were made by him fraudulently for the purpose of inducing the company to issue the policy; that the company issued the policy in reliance upon the truthfulness of the statements and in ignorance of the falsity thereof, and that it had no information otherwise until after Niland's death, which occurred less than one year after the policy date. The bill also set forth a policy provision to the effect that the policy should be void unless on the day of its date the insured be in sound health and alleged that the insured was not in sound health on that date. The bill therefore grounded in two claims, one that the contract was fraudulently procured, the other that the contract was void because of ill health on the policy date; but we are concerned with only the first.

On the trial of the cause the vice-chancellor decided that the application and its contents were inadmissible, and overruled all lines of testimony based thereon. He also refused to admit evidence of Niland's health except as of the date of the actual issue of the policy, or evidence of fraud by the insured other than as to his health at the last mentioned time. These rulings were based upon the fact that neither the application nor any part thereof was attached to or incorporated in the policy and upon the following provisions of the policy: "This policy contains the entire contract between the parties hereto" and "this policy shall not take effect if the insured die before the date hereof, or if on such date the insured be not in sound health * * *." The proofs, as thus limited, failing to show that the insured was not in sound health on the policy date, the complainant's bill was dismissed and a decree was entered for the defendant, on the latter's counter-claim, restraining the complainant

from setting up any defense to an action on the policy and directing the complainant to pay the defendant the face amount of the policy. The single point argued by the complainant on its appeal is that the court below erred in excluding proof of the answers given by the insured in his application and that these rulings prevented the complainant from proving a false and fraudulent procurement of the contract.

The provision "this policy contains the entire contract between the parties hereto" was inserted in the policy contract at the command, and in almost the precise words, as our italicization will indicate, of the statute (*P. L. 1907 ch. 72 § 1 (4)*; *2 Comp. Stat. p. 1868 pl. 94-4*, the last enactment of which is *P. L. 1925 ch. 179; Cum. Supp. Comp. Stat. 1925-1930 p. 862 pl. 99-94 (4)*: "No policy of insurance shall be issued * * * unless the same shall contain the following provisions: * * * Fourth: A provision that *the policy shall contain the entire contract between the parties,* and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, application or other writing unless the same are endorsed upon or attached to the policy when issued, and all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties. Any waiver of this provision shall be void."

The letter of the statute has been complied with. The statutory provision is written in the policy. The application is not a part of the contract. Consequently, the mere untruthfulness of the statements in the application do not make that paper material to the cause. However, the statute does not, as similar statutes in some jurisdictions do (*Johnson* v. *Mutual Life Insurance Co., 180 Mass. 407; 62 N. E. Rep. 733; Zimmer* v. *Central Accident Insurance Co., 207 Penn. 472; 56 Atl. Rep. 1003*), provide that an application that is not attached to or otherwise made a part of the policy, shall not be admitted in evidence. The statute does not strip the application of evidential value or admissibility if a cognizable issue be presented upon which the instrument is in fact material.

The New York court of appeals in *Archer* v. *Equitable Life Assurance Society, 112 N. E. Rep. 433,* passing upon a statute of the State of New York substantially the same as our own, conceded that the meaning and intent of the statute were manifestly not clear and certain through its language, but, applying certain rules of construction, concluded that the legislative intent was to prohibit an insurance company from invoking, as a defense, fraudulent representations of the insured entering into the extent or estimate of the risk which were not incorporated in the policy when issued and construed the statute accordingly. We gather from the learned opinion that an influential factor in the chain of reasoning was the apprehension, attributed to the legislature, that an insured, having no copies of the initial statements and forgetful of the contents, might, through a period of years, continue the payment of premiums and that the insured or his beneficiaries would first become conscious of the errors when the latter were alleged by the insurer in avoidance of the obligation to pay the sums insured. But that eventuality could scarcely happen in the case at bar for the policy contains the following incontestability clause: "After this policy shall have been in force during the lifetime of the insured, for one full year from its date, it shall be incontestable, except for non-payment of premium, but if the age of the insured be misstated, the amount payable under this policy shall be such as the premium would have purchased at the correct age." This observation becomes general since it is common knowledge that a clause of comparable purport is very widely used in life insurance policies. The effectiveness of such a clause has been upheld both at law and in equity and has been restated approvingly by this court. *Drews* v. *Metropolitan Life Insurance Co., 79 N. J. Law 398; Prudential Insurance Co.* v. *Connallon, 108 N. J. Eq. 316.* We think that a person who has, by his purposeful fraud, obtained an insurance policy from an insurer is not likely to forget the circumstance within the ordinary period of contestability, and that a named beneficiary has but little equity, as against a defendant insurer, on a claim that has ripened, within that period, on a policy so obtained.

An insurance policy is but a form of contract. The right, in general, of a party to withdraw from a bargain on the ground of preliminary fraud is well established. The procedure by bill in chancery, after the death of the insured, for the cancellation and surrender of the policy of insurance and to enjoin the beneficiary from bringing an action at law thereon when the bill was wholly based upon the fraud of the insured in obtaining the policy has been upheld by the court of chancery (*New York Life Insurance Co.* v. *Steinman, 103 N. J. Eq. 403*), and recognized by this court (*Prudential Insurance Co.* v. *Connallon, supra*); and the jurisdiction of chancery in the instant case is not questioned.

In providing that the policy should contain the entire contract between the parties, the statute was but declaratory of the law already pronounced by the cases. In *American Popular Life Insurance Co.* v. *Day* (*1876*), *39 N. J. Law 89,* it was held by this court (page 94) that even when the application contained an agreement on the part of the insured that the answers to the questions should be the basis, and form part, of the contract or policy, yet if the policy did not, directly or indirectly, so declare, it would be assumed that all previous negotiations had been superseded and that the policy alone expressed the contract of the parties and (page 93) that in order to make any statements binding as warranties they must appear upon the face of the instrument by which the contract of insurance was effected either expressly set out or incorporated by inference and that if they were not so they were not warranties but representations. A further element was introduced by the statute in the requirement that the incorporation of the application in the policy must be by endorsement or attachment and not by mere reference.

With the case at law and the statute law in that posture this court has twice made a relevant decision. In *Duff* v. *Prudential Insurance Co.* (*1917*), *90 N. J. Law 646,* the policy contained the language: "This policy contains the entire contract between the parties," and the application was neither endorsed, nor attached nor in any way referred to.

The respondent beneficiary set up this argument in its brief: "The finding that 'the statement in the application for insurance that the plaintiff had never suffered from consumption was a willful untruth' does not vitiate the policy and prevent recovery thereunder, in that the said application is not a part of the contract." In the course of the opinion the statute (*P. L. 1907 p. 133* § *1 (4), supra*), was specifically referred to and was, therefore, beyond peradventure, in the mind of the court. The holding was that the statement in the procuring of the policy of a material, willful untruth was fraud and that that fraud was an adequate defense to an action on the policy. In *Brunjes* v. *Metropolitan Life Insurance Co. (1917), 91 N. J. Law 296,* the direction of a verdict for the defendant company was under review. Here also the policy declared that "this policy contains the entire contract," and the application was not made a part of the policy. Mr. Justice Black, in writing the opinion for this court, said: "It is alleged as error that the trial court improperly admitted in evidence the application blank of the deceased containing his signed answers given to the Metropolitan physician and medical examiner and the report of the medical examiner; these were not made a part of the policy, and section 4 of the act of 1907, page 134, is invoked  *  *  *. We had under consideration and passed upon this point in the case of *Duff* v. *Prudential Insurance Co., 90 N. J. Law 646*  *  *  *. We think it was not error for the trial court to admit the application blank with the signed answers of the insured and the medical examiner's report in evidence; there was no attempt to disprove or controvert the fact that these statements were untrue.  *  *  *  A material false representation in the answers purposely made is a reason for the avoidance of the policy on the ground of fraud." The statute having been thus construed in 1917, the re-enactment of the statute in 1925 without clarification of meaning or change in language confirms the judicial expression as a correct interpretation of the legislative intent.

So it is well settled in this jurisdiction that false statements in the application knowingly and fraudulently made

by the applicant, material in nature, intended to induce and actually inducing the issue of the policy by the insurer, which latter, in good faith, relied upon the truthfulness of the representations, are evidential of fraudulent procurement, that neither the statute nor the policy form under consideration wipes out such initial fraud and, further, that neither the statute nor the said policy form, in an appropriate action directed towards that fraud, nullifies the materiality or the admissibility of the statement contained in the application, whether the same be or be not endorsed on or attached to the policy itself.

The application in the instant case was signed November 30th, 1928. The policy issued December 3d, 1928. The insured died October 29th, 1929. In the application, in response to the question "when last sick?" was this answer: "Never seriously;" and in response to a question whether the applicant had ever had various enumerated ailments, of which ulcers was one, was the answer "None." Notwithstanding the adverse rulings on evidence, some testimony of the insured's physical condition prior to the making of the application was received, and this testimony discloses that the applicant had been at the Bayonne Hospital for treatment on various occasions; that, referring to one such occasion, the applicant was admitted January 26th, 1928, following which, on February 1st, the patient's illness was diagnosed as an ulcer of the left leg, broken down into an open sore; that at the same time (February 1st) the hospital physician was told by the patient that the latter had suffered from ulcers on both legs and that he had been operated upon for ulcers on the left leg eleven years previously; that on August 12th, 1928, the patient was discharged from the hospital to his home but was not cured. We do not undertake to make a finding of fraud, but we conclude that this chapter of incidents, terminating about three months prior to the representation by the applicant for insurance that he had never had ulcers, presented a factual front which, supported by the contents of the application, would be sufficiently suggestive of fraud to require court consideration. That gave

materiality to the application and to the answers of the insured contained therein. We consider that the evidence should have been admitted and that the refusal of it was harmful error.

The decree below will be reversed to the end that there may be a rehearing at which the excluded evidence shall be admitted and considered. *Babirecki* v. *Virgil, 97 N. J. Eq. 315.*

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 13.