

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Hon. Walter C. Woodward, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-2460
Re: Whether the described type of insur-
ance transaction violates the insur-
ance laws of Texas and whether it is
within the charter powers of the
United Travelers Insurance Company,
Houston, Texas, to deal with an in-
dividual or corporation in the
manner outlined.

As a basis for presenting the above questions for an
opinion of this department, we quote from your letter of June 18, where-
in you make the request, as follows:

"In the cases referred to it is proposed that
certain individuals or corporations will provide their
customers with insurance, usually accident insurance,
without cost to such customers upon the purchase of re-
tail commodities. The cost of the insurance is paid to
an insurance company by the individual or corporation
selling the commodity, in accordance with the terms of
an insurance contract issued by the insurance company
to the individual or corporation insuring the customers
of the individual or corporation.

"The individual or various representatives of
the corporation are to be licensed agents of the insur-
ance company, and it is our request that you advise us
at your earliest convenience whether or not in your
opinion this type of insurance transaction violates the
Insurance Laws of this State in any respect, and whether
or not it is within the charter powers of the insurance
company to deal with an individual or corporation in
the manner outlined."

Accompanying your request is a certificate form proposed
to be issued by the United Travelers Insurance Company, Houston, Texas,
designated as a combined customer's receipt and insurance policy, which
states that the company agrees to insure the customers of Eaton's Gulf
Service ofSKidmore, Texas, by a group policy of insurance No. 0208 under
the subject to the terms and conditions of said policy and the applica-
tion therefor. The group policy form is not submitted with your request.

The plan proposed as stated in your request in certain
respects, is a semblance of the plan upon which group insurance is
generally provided by an employer for the benefit of its employees. It

is to be observed that the corporation owning and controlling various service stations, contracts with the insurance company for a group policy under and by virtue of which it purchases certificates in book lots, with each certificate to be issued as a policy of insurance and given free at its service stations to customers upon their purchase of the commodities of the corporation on sale at such stations. The corporation or owners of the commodities or group policyholders, in this respect are proposing to assume the status of an employer under a generally recognized group policy, in which it pays the premium for each certificate issued. It can be assumed that the corporation or group policyholder also pays all of the costs for handling the insurance for its customers. Not only the group policyholder pays to the insured the premium due for each certificate issued by its agent, but it also transmits, through its agent or service station attendant, the premium for any extended coverage the customer may desire and pays for in cash.

Viewing the proposed certificate form, we may assume that it contains the essential provisions of the master group policy and provides for payment in lieu of all other indemnity, the sum of $500.00 immediately upon receipt of due proof of the death of the insured as a result of bodily injuries which are the sole cause of loss of life effected solely and exclusively by violent external causes and solely through accidental means during the coverage period of the certificate and/or policy.

Under Title 78, Chapter 3, Vernon's Civil Statutes, entitled "Life, Health and Accident Insurance", under which the above named company is incorporated, your attention is directed to Article 4764a, Sections 1-6. Section 1 of this Statute defining group life insurance provides:

"Sec. 1. Group Life Insurance is hereby declared to be that form of Life Insurance covering not less than twenty-five employees written under a policy issued to the employer, the premium for which is to be paid by the employer or by the employer and employees jointly and insuring all of his employees, or all of any class or classes thereof determined by conditions pertaining to the employment, for amounts of insurance based upon some plan which will preclude individual selection, and for the benefit of persons other than the employer; provided, however, that when the premium is to be paid by the employer and employees jointly and the benefits of the policy are offered to all eligible employees, not less than seventy-five per centum of such employees may be so insured. For the purposes of this Act the members of any labor union who are actively engaged in the same occupation shall be considered employees of such union. The provisions of this Section, however, shall not apply to Group Insurance now in effect, or to any renewals thereof."

It seems to be well settled by the authorities that a policy providing for payment in case of accidental death is, to the extent of such provision, to be deemed a policy of life insurance within

the meaning of a statute having relation to life insurance.  Logan v.
Fidelity and Casualty Company of New York, 146 Mo. 114, 47 S.W. 948;
Zimmer v. Central Accident Insurance Company, 207 Pa. 472, 56 A. 1003;
Pacific Mutual Life Insurance Company of California v. Parker et ux.,
71 F. (2d) 872, and other authorities cited therein.

In the Logan case, supra, the Supreme Court of Missouri
states:

"The promise to pay a weekly indemnity by an
insurance company in the event the insured receives
an injury from an accident not resulting in death
does not change the character of the agreement of
the policy to pay a certain other sum when the acci-
dent results fatally, which is life insurance from
accidental causes, as the promise to pay a certain
stipulated sum to the insured (now contained in many
of the policies issued by what is known as 'old line'
life insurance companies) when the insured attains
a given age, or in a definite specified time, and if
before the insured arrives at the age designated, or
before the time fixed for its certain payment,  he
shall die from any cause, accidental or otherwise,
to pay his legal representatives or some one named
in the policy as beneficiary the amount stipulated,
is none the less life insurance because coupled
with an investment or bond feature, not found in what
is commonly known as a 'straight' life insurance
policy.

"The calling of a contract of insurance an
'accident,'  'tontine,' or 'regular' life policy, or for that
matter, by any other appellation that may be adopted
for business or conventional uses or classification,
cannot make a policy containing an agreement to pay
to another a sum of money designated upon the happening
of an unknown or contingent event, depending upon the
existence of life, less a policy of insurance on life.
Insurance on life includes all policies of insurance
in which the payment of the insurance money is contin-
gent upon the loss of life."

The particular group policy under consideration, with
payment of the principal sum contingent, depending upon the existence
of life, insuring a collection of individuals limited to the customers
of the group policyholder, is clearly not within the scope of Section 1
of Article 4764a above referred to.  Section 6 of this law provides:

"Except as may be provided in this Act, it shall
be unlawful to make a contract of life insurance cover-
ing a group in this State."

We think it clear  that the proposed plan or transaction,
involving the contract of insurance described, is prohibited by the
above quoted provision of the law.

You are therefore respectfully advised that group policy contracts such as that of the United Travelers Insurance Company, Houston, Texas, under and subject to which certificates are issued insuring the customers of the insured, are prohibited by Section 6, Article 4764a, Vernon's Civil Statutes, and in the opinion of this Department, the writing of such type of insurance is without the charter powers of such corporation.

                              Yours very truly

                              ATTORNEY GENERAL OF TEXAS


                              By s/Wm. J. King
                                   Wm. J. King
                                   Assistant

WJRK:AMN:wc


APPROVED   AUG 12, 1940
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/REK Chairman

This Opinion Considered and Approved in limited Conference