P. A. MAHON ET UX. v. PACIFIC M. L. INS. Co.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS
OF NORTHUMBERLAND COUNTY.

Argued May 27, 1891—Decided October 5, 1891.
[To be reported.]

Under the act of May 11, 1881, P. L. 20, where the application for insur-
ance is referred to by the policy issued, but it is not attached to the pol-
icy when offered in evidence by the insured, there is no presumption
that it ever was attached. In such case, the *application* forms no part
of the contract, and the *policy* is admissible without it.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WIL-
LIAMS, McCOLLUM and MITCHELL, JJ.

No. 49 July Term 1891, Sup. Ct.; court below, No. 184 Feb-
ruary Term 1890, C. P.

On January 15, 1890, P. A. Mahon and Kate Mahon, his
wife, in right of said Kate Mahon, brought assumpsit against
the Pacific Mutual Life Insurance Company of California,
upon a policy of insurance issued by the defendant company
upon the life of Mary Doyle. The defendant pleaded non-
assumpsit.

At the trial, on May 2, 1891, the plaintiffs offered in evidence
the policy in suit, dated December 1, 1888, whereby the defend-
ant company insured the life of Mary Doyle of Excelsior, Penn-
sylvania, in the sum of $3,000, covenanting to pay said amount,
at the death of the insured, to Kate Mahon, daughter of said
Mary Doyle. The policy stated that the contract of insurance

———

* See Pickett v. Insurance Co., ante 79, and the cases cited in the note,
p. 80.

Charge of Court below.

was entered into by the defendant "in consideration of the representations made to them in the application therefor and of the agreements therein contained, which application is made a part of this contract, and of the sum of one hundred and twenty-five dollars and thirty-nine cents, and of the annual payment of a like amount," etc.

Defendant's counsel objected to the admission of the policy in evidence, "for the reason that it does not contain the whole contract between the parties, but is issued in consideration of the representations made to them in the application therefor and the agreements therein contained, which application is made part of this contract."

By the court: The execution of the policy is admitted, is it?

Mr. Wolverton: We do not deny the execution of the policy.

By the court: I will admit it for the present. The objections are overruled and the evidence admitted; exception.[1]

Having shown, further, that Mary Doyle died about March 6, 1889, and that proofs of death were made and delivered to the defendant's agent about April 5, 1889, the plaintiffs rested.

The defendant offering no testimony, the court, ROCKEFELLER, P. J., charged the jury in part as follows:

There being no dispute as to the execution of the policy, no dispute as to the death of Mrs. Doyle, no contention in regard to the payment of the premium that was to be paid down nor any of the instalments, and no dispute as to the furnishing or receipt of notice of death, [we instruct you that the plaintiff is entitled to recover the amount of the policy, with interest from the time the proofs were made, according to the terms of the policy, which would probably have been about, or a short time before the first of May, 1889. The proofs were sent on or about the fifth of April to the company's office in San Francisco, California, and probably arrived there about the twelfth or fifteenth of April, and the money could have been remitted here about the first of May; and the plaintiff only claims interest from that time. So, you may render a verdict in favor of the plaintiff for the amount of the policy, with interest from the time the company was to pay under the terms of the policy.][2]

Arguments.

The defendant's counsel ask the court to charge:

1. That the plaintiffs have failed to make out a case against the defendant, and that the verdict should be for the defendant.

Answer: I do not affirm this point.[3]

2. That, as this policy expressly states that it was issued in consideration of the representations made to the company in the application therefor, and on the agreement therein contained, and that the application was made part of the contract, it is incumbent upon the plaintiffs to show that the application was not attached to the policy or did not accompany the same, the presumption being that the application was attached and did accompany the policy; and the verdict should be for the defendant.

Answer: It is not incumbent upon the plaintiff, to show the application; the policy is sufficient, there being no application attached thereto. If the defendant desires to set up a defence on the ground of misrepresentation in the application, it can do so; but in that case, the act of assembly requires that the application shall be attached to the policy by the company, otherwise it cannot be received in evidence.[4]

—The jury returned a verdict for the plaintiffs for $3,360. Judgment having been entered, the defendant took this appeal, assigning for error:

1. The admission of plaintiffs' offer.[1]

2. The part of the charge embraced in [ ][2]

3, 4. The answers to defendant's points.[3] [4]

*Mr. S. P. Wolverton* (with him *Mr. C. M. Clement*), for the appellant:

1. Prior to the passage of the act of May 11, 1881, P. L. 20, the evidence in the present case would clearly have been insufficient to enable the plaintiff to recover. The foundation and consideration of the policy being the application, made a part of the contract, it would have been incumbent on the plaintiffs to offer the application along with the policy: Lycoming Ins. Co. v. Sailer, 67 Pa. 112; American Underwriter's Ass'n v. George, 97 Pa. 242; Lycoming Ins. Co. v. Storrs, 97 Pa. 360; Farmers etc. Ins. Co. v. Meckes, 10 W. N. 308. That act requires a copy of the application to be attached to

Opinion of the Court.

the policy, but there was no offer to show in this instance that this was not done.

2. The presumption is that the application was attached at the time of delivery of the policy. To hold that the policy may be admitted without proof that the application was not so attached, would be an unreasonable construction of the act, entirely contrary to its spirit and purpose. In no case has it been so construed by this court : New Era Life Ass'n v. Musser, 120 Pa. 384; Susquehanna Ins. Co. v. Hallock, 22 W. N. 151 ; Imperial Ins. Co. v. Dunham, 117 Pa. 460 ; Norristown Title Co. v. Insurance Co., 132 Pa. 385. If a copy of the application accompanied the policy when delivered to the insured, even though not attached to it by a pin or other fastening, the defendant performed its whole duty under the act.

*Mr. C. R. Savidge* (with him *Mr. P. A. Mahon*), for the appellees.

Counsel cited: Norristown Title Co. v. Insurance Co., 132 Pa. 385 ; Metropolitan Ins. Co. v. Jenkins, 5 Cent. R. 875.

OPINION, MR. CHIEF JUSTICE PAXSON :

The first assignment alleges that the court below erred in admitting the policy of insurance in evidence. It was objected to on the part of the defendant company, upon the ground that the policy referred to the application as a part of the contract. The application was not annexed to the policy, as required by the act of 1881, nor was there any evidence that it was attached to the policy by the company when the policy was issued. By the very terms of the act of 1881, the application, if not attached to the policy, forms no part of the contract, and cannot be received in evidence. " The case is to be considered as if no such paper existed : " Imperial F. Ins. Co. v. Dunham, 117 Pa. 460. The point is flatly ruled by the case cited, and by New Era Life Ass'n v. Musser, 120 Pa. 384, and Norristown Title Co. v. Insurance Co., 132 Pa. 385. If, as was alleged at bar, the application might have been attached by the company and detached by the plaintiff, that fact was in the knowledge of the company, and could easily have been shown. As it was not attached, there was no presumption that

it ever had been.  The remaining assignments were not pressed,
and need not be discussed.

Judgment affirmed.