## Haverstick *v.* Penn Twp. Mut. Fire Assn., Appellant.

*Fire insurance—Invalidation of policy—Nonpayment of assessments—Application and by-laws—Evidence—Act of May 11, 1881.*

In an action on a policy of fire insurance where the application and by-laws are not attached to the policy as required by the act of May 11, 1881, P. L. 20, the insurance company cannot claim that the policy is invalidated because the insured did not comply with the terms and conditions set forth in the constitution and by-laws, or pay the legal assessments. In such case there is no evidence before the court of the conditions of the policy as to what constituted a legal assessment or as to the effect of nonpayment.

Argued May 16, 1893. Appeal, No. 40, Jan. T., 1893, by defendant, from judgment of C. P. Lancaster Co., June T., 1890, No. 46, on verdict for plaintiff, Henry B. Haverstick. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit on policy of fire insurance.

At the trial, before LIVINGSTON, P. J., it appeared that the application for insurance and the by-laws were not attached to the policy as required by the act of May 11, 1881, P. L. 20.

Defendant offered evidence tending to show that an assessment for 1888 of $1.70 and for 1889 of sixty-eight cents had not been paid.

Defendant's points were among others as follows:

" 1. That the association defendant, being a mutual insurance company, the contract between it and Annie Bender, the insured, was a mutual contract, the engagement of the defendant to pay any loss she might have on her policy being conditioned upon her contributing her share of the losses sustained by the other members ; and that by the inherent nature of the contract itself she made herself liable to assessment for losses." Refused. [1]

" 3. That even if the by-laws are not to be considered, by reason of their not being attached to the policy, the assured was nevertheless liable to pay assessments for losses incurred when brought to her attention, by the very nature of her contract and independent of all by-laws ; and unless she has performed this part of her contract there can be no recovery in this case." Refused. [2]

" 5. If the jury believe from the testimony that the association defendant rescinded the contract of insurance on the policy, or canceled the policy offered in evidence by the plaintiff, some months before the fire, by reason of the assured having refused to pay the assessment of 1888, there can be no recovery in this suit, and the verdict must be for the defendant." Refused. [3]

" 6. That even if the association defendant had no right to cancel the policy in suit, yet, if the jury believe that the assured refused or failed to pay the assessments of 1888 or 1889, or either of them, the protection of the policy became thereby suspended during the time of such default, and there can be no recovery in this case, and the verdict must be for the defendant." Refused. [4]

The jury rendered a special verdict for plaintiff for the amount of the policy less the assessments due for 1888 and 1889. Judgment thereon. Defendant appealed.

*Errors assigned* were (1–4) instructions, quoting them ; (5) in not instructing the jury in accordance with the points ; (6) the jury having returned a special finding of fact that the assessments in controversy remained due and unpaid at the time of the fire, the court erred in receiving from them a verdict for plaintiff, and in entering judgment on the same ; (7) or in not molding their verdict into form, as it was in fact, for the defendant, and in not entering judgment for the defendant.

*A. F. Hostetter* and *E. G. Smith,* for appellant, cited: Washington Mut. Fire Ins. Co. v. Rosenberger, 84 Pa. 378.

*J. Hay Brown* and *Wm. R. Wilson,* for appellee, cited: Penna. Canal Co. v. Harris, 101 Pa. 92; 2 Wood on Fire Ins. 1215; Pa. Ins. Co. v. Carter, 11 Atl. Rep. 102; Norristown Title Co. v. Ins. Co., 132 Pa. 391.

OPINION BY MR. JUSTICE WILLIAMS, July 19, 1893:

The plaintiff seeks to recover upon a policy of insurance against loss by fire. The action is defended on the ground that the policy is not now in force, because of the nonpayment of assessments made upon it. The policy was issued in September, 1884. The fire took place in 1890. All premiums and assessments due prior to 1888, it is admitted, were paid when demanded. It is alleged, however, and the jury have found, that an assessment made in 1888 for one dollar and seventy cents, and another made in 1889 for sixty-eight cents were unpaid when the loss occurred, and when this suit was brought. The question raised is, what is the effect of the nonpayment on the policy sued on ? If we turn to the policy itself for an answer to this question, we learn only that, the insured having become a member of the company and complied with its rules and regulations, the company undertakes to insure her building in the sum of eight hundred dollars " on the terms and conditions set forth in the constitution and by-laws." But the by-laws are not before us. They were not attached to the policy and are not in the evidence. We have no means of knowing what terms and conditions the by-laws impose. But the policy further declares that the promise to insure is " in consideration that she pays the amounts from time to time legally assessed upon her for losses." Here again we encounter questions that the policy does not answer. What is necessary to a " legal assessment? " What notice is a policy holder entitled to of the fact that an assessment has been made ? Within what time after notice must payment be made ? What shall be the consequence if payment is not made ? If nonpayment is a ground for canceling the policy, what action must the company take to relieve itself from liability upon it?

We have no doubt the by-laws answer these questions, but unfortunately for the defendant the answers did not reach the

court below, and they cannot reach us. We can only say that the evidence does not answer them, and for that reason they remain unanswered for all the purposes of this case. It does not appear therefore that nonpayment of an assessment invalidates the policy of a member of the company. If it does not appear that the parties have agreed that nonpayment shall work a forfeiture of all rights under the policy, it would require a very strong case to induce a court of law to raise and enforce such forfeiture. If the result of this action is to hold the company on a policy which under its by-laws is no longer in force, the company must blame itself for the result. It should have put its conditions into the policy or attached a copy of its by-laws to it. We could then have known the terms of the contract and enforced them. We cannot enforce terms and conditions of which we have no knowledge from the evidence in the case. For this reason the court below should have taken this case from the jury so far as this question is concerned, and instructed them that in the absence of all evidence upon the subject of the manner provided by the by-laws for the collection of assessments, and of the consequences of nonpayment, the policy could not be treated as a lapsed and invalid instrument. The verdict is therefore a proper one, and the judgment entered thereon must be affirmed.

A discussion of the several assignments of error is, under this view of the case, unnecessary; but if they were really important to the decision of this case we should sustain some of them. The first assignment points out a plain mistake. The point embodied in it should have been affirmed. The insured was " liable to assessment for losses," beyond any doubt, upon the face of the policy, but under what circumstances, and in what manner her liability must be enforced, the policy does not tell us. For this information we are referred " to the terms and conditions set forth in the constitution and by-laws," to which we have no access. The sixth and seventh assignments point out a palpable inconsistency between the charge of the court and the verdict, but the error of the court was in this particular in favor of the appellant, and could only be reviewed on an appeal by the other party. The judgment is right for the reason already given, and the errors to which we have adverted were harmless for the same reason.

The judgment is affirmed.