## Custer *v.* Fidelity Mutual Aid Association, Appellant.

*Insurance—Life insurance—Application—Evidence—Custom—Act of May* 11, 1881, *P. L.* 20.

It is the duty of an insurance company to attach a copy of the application and by-laws to a policy of insurance, and, unless it is attached, they are not a part of the contract of insurance, and are not evidence on the part of the insurance company in an action by the beneficiary on the policy; nor in an action by the company to enforce against the insured the payment of assessments levied in pursuance of their provisions.

An insurance company cannot show that the application and by-laws had been attached to a particular policy at the time it was issued by proving

the method and custom of the company in attaching a copy of the application and by-laws when policies were issued.

Argued Feb. 7, 1905.   Appeal, No. 352, Jan. T., 1904, by defendant, from judgment of C. P. Del. Co., March T., 1903, No. 174, on verdict for plaintiffs in case of Isaac R. Custer et al., executors of Bethel M. Custer, deceased, v. Fidelity Mutual Aid Association by the name of The Fidelity Mutual Life Insurance Company.   Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Assumpsit on a policy of life insurance.   Before JOHNSON, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial the plaintiff offered in evidence the policy of insurance without a copy of the application and by-laws attached to it.   An official of the company was called on behalf of the defendant, and an offer was made to prove by him the custom of the company in attaching a copy of the application and the by-laws to the policy.   This offer was refused.

Verdict and judgment for plaintiff for $3,000.   Defendant appealed.

*Error assigned* among others was the above ruling on evidence, quoting the bill of exceptions.

*J. B. Hannum,* for appellant, cited: Mahon v. Pacific Mut. Life Ins. Co., 144 Pa. 409 ; Lewellen v. Mackworth, 2 Atk. 40; Villiers v. Villiers, 2 Atk. 71 ; Omychund v. Barker, 1 Atk. 21; Cornett v. Williams, 87 U. S. 226.

*O. B. Dickinson,* with him *J. C. Taylor,* for appellee, cited : Morris v. Guffey, 188 Pa. 534 ; Schoneman v. Fegley, 14 Pa. 376.

OPINION BY MR. JUSTICE MESTREZAT, March 20, 1905 :

The defendant company issued a policy of life insurance to Bethel M. Custer, for $3,000, payable to Martha H. Custer, his wife, but it was provided that " in the event of her previous death it shall revert to the insured,- his executors, administrators, guardians or assigns."   Martha H. Custer died prior to the death of Bethel M. Custer, which occurred on Decem-

ber 14, 1902. The insurance company having refused to pay the policy, this suit was brought by the executors of Bethel M. Custer. At the trial, the plaintiffs offered in evidence the policy, and the defendant objected to its admission on the ground that it was not accompanied by the application and the by-laws which the policy provides shall be a part of the contract, and hence the policy was not the whole contract between the parties. The objection was overruled and the policy was admitted. The plaintiffs proved the due delivery to defendant company of the notice and proofs of death of the insured, the payment of the last annual premium called for by the policy, the refusal of the company to pay the loss, and then rested.

The defense set up to defeat a recovery in the action was that a mortality assessment had been made on the policy, as provided in the application and by-laws of the defendant association, which had not been paid by the insured, and for that reason the policy was void. The policy provided that the by-laws of the association and the application of the insured should constitute a part of the contract of insurance. The defendant offered in evidence a copy of the application and also a copy of the by-laws of the association, which offers were excluded on the ground that the papers had not been attached to the policy, as required by the act of assembly, and hence were not a part of the contract of insurance nor admissible in evidence. The defendant then offered to prove that the application and by-laws had been attached to the policy in suit, although now detached, by showing the method and custom of the company in regard to attaching a copy of the application and by-laws to its policies, and that the policy in suit bore evidence of having had the application attached to it. The offer was refused. The defendant next offered to prove that a mortality assessment had been made on the policy in suit in accordance with the terms of the contract, and that the assessment had not been paid, which offer was excluded on the ground that the application and the by-laws which provide for making assessments were not a part of the contract and were not in evidence, and hence there was no authority for making the assessment and no obligation to pay it. The case was then submitted to the jury, and a verdict for the amount of the policy was rendered for the plaintiffs. The defendant company has appealed.

The assignments of error which have been argued here raise the question of the correctness of the rulings of the trial court in excluding the evidence offered for the purpose of showing that a copy of the application and by-laws had been attached to the policy. The learned counsel for the defendant is in error in saying that the trial judge in effect held that no proof could be made that the application and by-laws had been attached to the policy when it was issued. His rulings merely excluded the evidence offered because it did not show that fact nor tend to show it.

The Act of May 11, 1881, P. L. 20, 1 Purd. 1046, provides in section 1, inter alia, that all life and fire insurance policies "shall contain, or have attached to said policies, correct copies of the application, as signed by the applicant, and the by-laws referred to; and unless so attached and accompanying the policy, no such application, constitution or by-laws shall be received in evidence, in any controversy between the parties to, or interested in the said policy, nor shall such application or by-laws be considered a part of the policy or contract between such parties." The statute has frequently been before this court for construction. In Imperial Fire Ins. Co. v. Dunham, 117 Pa. 460, the application, detached from the policy, was offered in evidence by the defendant company, and was excluded. CLARK, J., delivering the opinion in the case, said: "The application was rightly excluded from the testimony. . . . No copy of the application or of the by-laws of the company was attached to the policy as that act requires; it constituted, therefore, no part of the policy or of the contract between the parties, and was not receivable in evidence. The case is to be considered as if no such paper existed." New Era Life Association v. Musser, 120 Pa. 384, was an action by the company to recover assessments upon a policy of insurance issued to the defendant. The application of the insured being the basis of the claim, the plaintiff company offered it in evidence. The court, however, held that it was not admissible because it was not attached to the policy, as required by the act of 1881. In affirming the judgment this court said: "It (act of 1881) is a wise and beneficent act, founded upon sound reasons of public policy; it affords protection to persons who insure their lives or property, and can injure no company conducted upon honest business

principles." In Norristown Title, etc., Co. v. John Hancock Mutual Life Ins. Co., 132 Pa. 385, it was held that an insurance company cannot invoke the act of 1881 to exclude an application offered in evidence by the beneficiary. Speaking of the act, the court says : "The act of 1881 was evidently intended to impose a duty upon insurance companies, and to protect the insured. . . . The act was passed to compel the company to attach the application to the policy, and upon its failure to do so, it cannot be received in evidence." Mahon v. Pacific Mut. Life Ins. Co., 144 Pa. 409, was an action on a policy of life insurance. The policy, which did not have the application attached, was offered in evidence, and the defendant company objected to its admission " for the reason that it does not contain the whole contract between the parties, but is issued in consideration of the representations made to them in the application therefor and the agreements therein contained, which application was made part of this contract." The objection to the offer was not sustained. The trial court, on request of defendant company, declined to charge that it was incumbent upon the plaintiffs to show that the application was not attached to the policy or did not accompany the same, the presumption being that the application was attached and did accompany the policy. In affirming the judgment for the plaintiff, this court said, inter alia : "If, as was alleged at bar, the application might have been attached by the company and detached by the plaintiff, that fact was in the knowledge of the company, and could easily have been shown. As it was not attached, there was no presumption that it ever had been." In Haverstick v. Fire Association, 156 Pa. 333, it was held that, in an action on a policy of fire insurance, where the application and by-laws are not attached to the policy, the insurance company cannot claim that the policy is invalidated because the insured did not comply with the terms and conditions set forth in the constitution and by-laws or pay the assessments.

It is, therefore, settled by our cases that it is the duty of the insurance company to attach a copy of the application and by-laws to the policy, and unless it is attached they are not a part of the contract of insurance, and are not evidence on the part of the insurance company in an action by the beneficiary on the policy ; nor in an action by the company to enforce against the

insured the payment of assessments levied in pursuance of their provisions. These cases cover the questions raised by all the rulings of the trial judge, except as to the correctness of the exclusion of the evidence offered by the defendant to prove that the company had attached a copy of the application and by-laws to the policy when it was issued. It was incumbent on the defendant company to show this fact, and, like proving any other fact on the trial of the cause, it could only be done by competent and relevant testimony. It offered to show that the papers had been attached to the policy at the time it was issued by proving the method and custom of the company in attaching a copy of the application and by-laws when the policies were issued, and that the policy in suit bore evidence of having had the application attached to it. The person who wrote the policy was dead at the time of the trial, and it was conceded by the company that it had no direct evidence of the fact, or the testimony of any witness who would testify that a copy of the application and by-laws had been attached to the policy. The defendant, therefore, relied solely upon circumstantial evidence to sustain its allegation that it had complied with the statute and had attached a copy of the application and by-laws when it issued the policy.

The learned trial judge was right in excluding both offers. Had they been admitted they would not have proved, nor tended to prove, the fact for which they were offered. Concede that it was the custom of the company, as clearly it was its statutory duty, to attach a copy of the application and by-laws to policies when they were issued, that fact would not prove that it had done so in this particular instance. The policy was in evidence, and it disclosed the obvious fact that at that time a copy of the application and by-laws was not attached to it. There was no presumption nor direct evidence that it ever had been attached. The proof of the custom, therefore, would not have been corroborative of either a presumption or of a positive evidence of the alleged fact, but primary evidence in contradiction of the present condition of the policy. We know of no authority, and have been referred to none, that holds that the proof of a business custom under such circumstances is of itself sufficient to establish a controverted fact. Our own decisions maintain directly the opposite of the proposition :

Schoneman v. Fegley, 14 Pa. 376; Meighen v. Bank, 25 Pa. 288; Doak v. Curry, 4 Pitts. L. J. 829; Morris v. Guffey, 188 Pa. 534. In the Schoneman case, it was held that when a witness disclaimed knowledge of the fact whether a receipt had been given by him for a note, the fact could not be proved by evidence of a general practice on his part. In Meighen v. Bank, it was held that evidence of the customs and usages of a bank is not competent of itself to establish a fact in favor of the corporation; but as corroborative or explanatory of facts or proof, may be received and submitted to the jury. In Doak v. Curry, assumpsit for stone sold and delivered, LEWIS, J., delivering the opinion of the court, said: "The evidence offered by the defendant below to prove that 'it was his general custom to pay cash for all stone that he bought,' had no tendency to prove that he had paid the plaintiff's demand. It was properly rejected."

Following the offer to show the company's custom of attaching a copy of the application and by-laws to its policies, the defendant's counsel offered " to prove by him (witness) or have him say whether or not, from an inspection of this policy, he can tell whether it bears any evidence of that method having been carried out, and the application attached." The defendant's counsel then asked the witness, "whether or not, from your knowledge of the customs and methods of the company, and from an inspection of the policy itself, it bears any evidence of having had an application attached to it." In ruling on this offer and question, the court said: " There is no objection to the evidence pointing out whatever marks there may be upon the policy for the purpose of calling attention to it, but his opinion about the purpose for which they were made, that I will exclude." Whether the policy bore evidence of having had another paper attached to it was as readily discernible by inspection by the jury as by the witness, and as it is not pretended that any part of a copy of the application or by-laws was still adhering to the policy, it is apparent that the witness's opinion would have been only a guess. What an inspection of the policy disclosed as to having had a paper attached to it, is stated by the learned judge, after his examination of the policy, as follows: " I am unable to see from the face of this paper there has been anything attached, and if there was, I

can't tell what it was." This statement of the condition of the policy shows conclusively that there were no marks whatever upon the policy which would justify an opinion that "it bears evidence of having had an application attached to it." Hence, there was nothing on the policy to indicate that a paper of any kind had been attached to it, much less a paper of any particular description, either as to form or matter.

The assignments of error are overruled and the judgment is affirmed.