## Leonora W. Bolton, Appellee, v. Standard Life Insurance Company, Appellant.

### Gen. No. 6,821.

1. INSURANCE, § 147*—*when premiums must be paid.* Where a life insurance policy provides that the policy is based on the payment of premiums annually, and allows 31 days' grace for the payment of each premium after the first, during which period the policy shall remain in force, subject, however, to the deduction of the unpaid premium or unpaid instalments thereof in case the insured dies before the expiration of the grace period, such provision is to be construed as meaning that the grace period follows after the annual or entire premium shall have become due and be unpaid and as assuming that unpaid instalments of the premium may be due without risk of forfeiture before the period of grace begins to run or ends, consequently, where the policy provides that the premium shall become due at the end of the policy year, it cannot be forfeited for failure to pay any instalment of the premium during such year until a lapse of 31 days after the expiration of the year.

2. INSURANCE, § 300*—*when forfeiture for nonpayment of premiums cannot be enforced.* Where a life insurance policy contains no express or direct condition whereby the policy is to lapse or the insurance to be forfeited for failure to pay a fractional part of the premium or monthly instalment, no forfeiture can be enforced for such cause.

3. INSURANCE, § 300*—*what is essential to warrant forfeiture.* A life insurance policy cannot legally be forfeited for nonpayment of the premiums when due where no express provision is made therefor in the policy.

4. INSURANCE, § 245*—*what is rule of construction as to forfeitures.* Forfeitures are not favored, and will not be upheld in contracts for insurance if, by a reasonable construction, such result can be avoided.

5. INSURANCE, § 120*—*how contracts are construed.* Where the words of a contract of insurance are susceptible of two interpretations, that interpretation which will sustain the claim must be given preference.

6. INSURANCE, § 245*—*how forfeiture clauses are construed.* A clause in a contract of insurance providing for a forfeiture will not be aided by judicial construction.

7. Insurance, § 350*—*when forfeiture for nonpayment of premiums is waived.* In an action to recover on a contract of life insurance in which defendant sets up forfeiture of the policy for failure to pay ,an instalment of the premium in the time required by the provisions of the policy, where plaintiff's uncontradicted testimony shows that she was led to believe by the course of dealing of defendant's agent for collecting premiums that it was not necessary for her to pay the instalments within the period provided for their payment, but that she could pay them after expiration of the period without incurring a forfeiture, such course of dealing on the agent's part amounted to a waiver of any right of the insurer to forfeit the policy for failure to pay an instalment in the time specified.

8. Insurance, § 350*—*what is essential to show waiver of provision as to forfeiture for nonpayment of premiums.* To establish an insurer's waiver of a right of forfeiture for failure of insured to pay an instalment of the premium in the time fixed by the policy, by the course of dealing of the insurer's collecting agent, it is not necessary to show that the agent had authority to waive the provision, since the waiver resulted as a matter of law from the acts and course of dealing of such agent in the business of the insurer which he had in charge.

Appeal from the Circuit Court of Will county; the Hon. Dorrance Dibell, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 27, 1920. Rehearing denied December 2, 1920.

Donovan & Bray, for appellant; W. K. Whitfield, of counsel.

Irving Shutts, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.

Joseph Harrington Bolton on July 1, 1905, took out a certificate of membership for $2,000 in the Mutual Protective League, a fraternal insurance association, for the benefit of his wife, Leonora W. Bolton, the appellee. In 1915 the business of the Mutual Protective League was taken over by another company, namely,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the Protective League Life Insurance Company, and on Bolton's application his certificate was exchanged for a policy in the latter company for $2,000 payable to the appellee, and dated April 30, 1915, which is the contract involved in this case. The name of the Protective League Life Insurance Company was afterwards changed to Standard Life Insurance Company, the appellant. Bolton died November 6, 1918, and payment of the insurance claimed under the policy was refused on the ground that the policy had lapsed prior to the death of the insured. The appellee thereupon instituted this suit in the circuit court of Will county, and a trial of the case by the court resulted in a finding in favor of the appellee and a judgment against the appellant for $1,966.98. This appeal is prosecuted from the judgment.

The controlling question presented for determination on appeal is whether the policy in question had lapsed and the insurance provided for thereby was forfeited because of a failure to pay a monthly instalment of the annual premium, which became due and payable, according to the terms of the policy, during the month of June, 1917. It is not disputed that the instalment payable during the month of June was not paid. The evidence shows that Joseph E. Klint was appellant's agent, who had charge of the collection of the premiums on the policy in question until January, 1917. Klint had also acted in the same capacity for the Mutual Protective League, and in January, 1917, Klint ceased to be agent for appellant and the First National Bank of Joliet was substituted. The appellee had always attended to the payment of the instalments of the premiums, and had paid them to Klint during the time of his agency, and afterwards to the bank when it became agent for appellant. It appears from the testimony of the appellee concerning her failure to pay the instalment of the premium payable during the month of June, 1917, that she was

sick during all the month and failed to pay on that account, and that she had been led to believe by her dealings with Klint that she could pay the instalment after the expiration of the month without incurring any forfeiture of her rights. Her testimony in that regard is as follows: "I did not pay the June, 1917, premium during the month of June because I was sick all the month. I had the money to pay it." She also testified that she had intended to pay it, and that she had before that time paid 2 months together to Klint; that she had paid four or five times in that way, and that Klint had accepted premiums from her more than 31 days after they were due, and that this had led her to believe that the payment could go over a few days as long as she was sick, and until she would be able to get down and pay on the policy the same as she had done before. She testified further: "I attempted to pay the June, 1917, premium on the 7th day of July, 1917. I attempted to pay it before I got any notice from the company. I didn't get any word from the company. I offered to pay the July, 1917, premium with interest. I went for four months and offered to pay the bank. On July, August, September and October, 1917, I offered to pay those premiums with interest." The bank refused to accept the June instalment which she offered to pay on July 7; also refused to accept any other payments that were offered, but informed the insured that an application for reinstatement would have to be made, which was done, but the company afterwards refused to accept the application and reinstate the insured. Appellant contends that the policy lapsed and the insurance was forfeited under certain conditions which are attached to and made a part of the policy. These conditions are as follows:

"Premium Payments.

"All premiums are payable in advance at the Home Office of the Company, or to an agent of the Company, upon delivery of a receipt signed by the President or

Secretary, and countersigned by the Agent. Notice of every premium that may become due or payable hereunder is given and accepted by the delivery and acceptance of this policy, and any further notice is expressly waived by the insured. This policy is based on the payment of premiums annually; but, premiums may be paid, subject to the company's written approval, in semi-annual, quarterly or monthly installments at the Company's adopted rates for fractional premiums, provided that in the event of the death of the insured any unpaid portion of the premium for the then current policy year shall be deducted from any amount payable hereunder.

"Grace.

"A grace of thirty-one days, subject to an interest charge of five per cent per annum, will be granted for the payment of every premium after the first, during which period the insurance hereunder shall continue in force. If death occur within the days of grace, the premium for the then current policy year or any unpaid installments thereof shall be deducted from any amount payable thereunder.

"The payment of any premium or installment thereof shall not maintain this policy in force beyond the date when the succeeding premium or installment thereof becomes payable except as herein expressly provided."

It will be noticed that the conditions declare that the policy is based on payments of premiums annually, and a period of grace of 31 days is provided for, for the payment of every premium after the first, and during this period of grace the insurance shall continue in force; and if death should occur before the days of grace expire, the policy shall nevertheless be paid, notwithstanding the nonpayment of the premiums, but the premiums for the then current policy year, or any unpaid instalments thereof, shall be deducted from the amount payable under the policy. The reasonable construction of the language of these conditions is that this period of grace follows after the

annual or entire premium shall have become due and payable, and unpaid, and apparently assumes that there may be unpaid instalments due without the risk of forfeiture before the period of grace begins to run or ends. In this case the entire, or annual premium, did not all become due and payable until the end of the then current policy year; and the clear inference is that the policy would not lapse until all the annual premium was due and remained unpaid and the period of grace had expired without payment having been made. There is no express or direct provision in these conditions whereby the policy is to lapse, or the insurance is to be forfeited, for failure to pay a fractional part of the premium or monthly instalment. We are of opinion that without such an express provision for lapse of the policy or forfeiture, no forfeiture could be enforced.

A policy of life insurance cannot legally be forfeited merely for nonpayment of the premium when it is due where no express provision is made therefor in the policy. 25 Cyc. 828; *Keeton v. National Union* (Mo.), 182 S. W. 798; *McMaster v. New York Life Ins. Co.,* 90 Fed. 40; *Ohio Farmers' Ins. Co. v. Stowman,* 16 Ind. App. 205, 44 N. E. 558; *Taylor v. Providence Savings Life Assur. Society,* 134 Fed. 932; *Haverstick v. Penn Tp. Mut. Fire Ass'n,* 156 Pa. St. 333, 27 Atl. 245. It is a well-recognized principle of law that forfeitures are not favored and will not be upheld in contracts for insurance if by a reasonable construction it can be avoided; and that when the words of a contract are susceptible of two interpretations, that interpretation which will sustain the claim must be given preference. *Globe Acc. Ins. Co. v. Gerisch,* 163 Ill. 625; *United States Life Ins. Co. v. Ross,* 159 Ill. 476; *Healey v. Mutual Acc. Ass'n,* 133 Ill. 556; *Bailey v. Fraternal Reserve Life Ass'n,* 202 Ill. App. 430; *Northwestern Life Assurance Co. v. Schulz,* 94 Ill. App. 156. It is only when it is required by the strict letter of a con-

tract of insurance that a forfeiture will be enforced. And where there is a clause providing for a forfeiture, it will not receive any aid by judicial construction. *Ingersoll v. Mutual Life Ins. Co.*, 156 Ill. App. 568; *Benes v. Bankers Life Ins. Co. of Nebraska,* 204 Ill. App. 427; 25 Cyc. 821.

But there is another feature of this case which is equally decisive of this controversy. It is apparent from the uncontradicted testimony of the appellee that she was led to believe from the course of dealing of appellant's agent, who had charge of the collection of premiums, that it was not necessary for her to pay the instalments within the period provided for their payment, but that she could pay them without incurring any forfeiture of rights under the policy after the period had expired. This operated as a waiver of any right of forfeiture which the appellant may have had. In this respect the case comes clearly within the principle announced by this court in *Nebergall v. Prudential Ins. Co. of America,* 193 Ill. App. 189. But it is contended that it does not appear from the evidence that the agent in question had any authority to waive appellant's right to forfeit the policy. It is not necessary that any such authority should be shown. The waiver in question results, as a matter of law, from the acts and course of dealing of the agent in the business of the insurer of which he is given charge. *Freise v. Metropolitan Life Ins. Co.,* 206 Ill. App. 404. We conclude, therefore, that the appellee had the legal right to recover the amount of insurance provided for in the policy, less the amount of the unpaid instalments of the annual premium. The judgment is for this amount, and it is affirmed.

*Judgment affirmed.*

DIBELL, P. J., took no part.