REGINA V. REESE, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.*

St. Louis Court of Appeals.   Opinion Filed February 2, 1926.

INSURANCE: Life Insurance: Premiums: Failure to Pay Semi-annual Installments: Forfeiture. Where a life insurance policy provided that it was based upon the payment of premiums annually in advance, but, if premiums be paid quarterly or semi-annually, any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be considered an indebtedness to the company on account of policy, and further provided that if any premium be not paid when due the policy shall be void and all premiums forfeited to the company, the policy was forfeited on failure to pay a semi-annually installment, and beneficiary could not recover notwithstanding the fact that the policy stipulated that the unpaid premium should become an indebtedness to the company.

*Corpus Juris-Cyc. References; Life Insurance, 37CJ., p. 473, n. 90.

Appeal from the Circuit Court of the City of St. Louis.— *Hon. M. Hartmann,* Judge.

AFFIRMED.

*Abbott, Fauntleroy, Cullen & Edwards* for appellant.

(1)   Where the meaning of a policy of insurance is ambiguous or where it is so drawn as to be susceptible of different constructions, it will be construed strictly against the insurer, and that construction drawn which is most favorable to the insured, and a policy will not be construed so as to provide for a forfeiture unless a for

feiture is provided in clear and express terms. Matthews v. Modern Woodmen, 236 Mo. 342. (2) Where a life insurance policy is based upon the payment of premiums annually in advance and the policy is issued upon the payment by the insured of a semi-annual premium under a provision that "if premiums be made payable quarterly or semi-annually any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be considered an indebtedness to the company on account of the policy," the contract is for insurance from year to year and the insurance is not forfeited by nonpayment of an installment of premium, other than the first, during the year in which the death of the insured occurs. Bolton v. Standard Life Ins. Co., 219 Ill. App. 177; Northwestern Life Assurance Co. v. Schulz, 94 Ill. App. 156; Perry v. Bankers Life Insurance Company, 47 App. Div. 56, 62 N. Y. Sup. 553 (affd. 167 N. Y. 607, 60 N. E. 1110); Ellis v. Anderson, 49 Pa. Super. 245. (3) Where credit is given for part of a year's premium the insurance cannot be forfeited for nonpayment of such part of the year's premium unless notice is given to the insured that payment is due. 3 Cooley's Briefs on Law of Ins. 2281; Ibs v. Hartford Life Ins. Co., 141 N. W. 289, Ann. Cas. 1914-C 798; Mutual Life Ins. Co. of N. Y. v. Davis, 154 S. W. 1184.

*Fordyce, Holliday & White* for respondent.

*James H. Guest,* of counsel.

The judgment below was for the right party and should not be disturbed on appeal. The policy plainly provided that if the insured failed to pay any premium, whether quarterly, semi-annual or annual, when the same became due or within the grace period thereafter, then the policy should lapse, and all interest therein be forfeited to the company. Darby v. Northwestern Mutual Life Ins. Co., 293 Mo. 1, 12; Elms v. Mutual Benefit Life Ins. Co.,

211 Mo. App. 514, 521; 2 Joyce on Insurance (2 Ed.), sec. 1108; McConnell v. Provident Saving Life Assurance Society of New York, 92 Fed. 769; Howard v. Insurance Co., 48 Calif. 229; Thompson v. Insurance Co., 116 Tenn. 557, 6 L. R. A. (N. S.) 1039; Roberts v. Aetna, 212 Ill. 382, 72 N. E. 363; Klein v. New York Life Ins. Co., 104 U. S. 26, L. Ed. 662; Pope v. New York Ins. Co., 192 Mo. App. 383.

NIPPER, J.—This is a suit to recover on an insurance policy. The case was tried before the court without the aid of a jury, and judgment was rendered for defendant, from which plaintiff appeals.

The case was tried in the main upon the following agreed statement of facts:

"I.    Defendant is and was at all times, as stated in plaintiff's petition, a corporation duly organized and existing under the laws of the State of New Jersey, and at all of the times in said petition mentioned defendant has been and now is duly licensed as a foreign insurance company by, and is doing business as such insurance company, in the State of Missouri.

"II.    That on or about the 8th day of January, 1920, Frank O. Reese, of the city of St. Louis, Missouri, made written application to the defendant for a policy of insurance, and that on or about the 12th day of January, 1920, defendant issued its policy of insurance numbered 3116721, it being the policy sued on in this case, and delivered said policy to said Frank O. Reese, said policy together with copy of said application thereto attached, being submitted herewith, marked 'Exhibit A,' and to be considered a part hereof as fully as though set out herein.

"III.    That the only premium which said Frank O. Reese paid defendant upon or by reason of said policy was the first semi-annual premium of twenty-nine dollars and four cents ($29.04), which he paid defendant when said policy was executed and delivered to him January 12, 1920, and that no other sum or sums were there-

after paid defendant upon or by reason of said policy prior to the death of said Frank O. Reese, which occurred at the time and under the circumstances mentioned in the petition of plaintiff herein.

"IV.  That under the terms of said policy the same was payable to Regina V. Reese, wife of the insured and plaintiff herein, in the event of the death of said insured, and that said Frank O. Reese, the insured, died on the 13th day of October, 1920, and if defendant is liable on said policy she is the one entitled to recover herein.

"V.  That the death of said Frank O. Reese was occasioned solely by external, violent and accidental causes, in that said Frank O. Reese was, as a result of a collision, thrown from a motorcycle on which he was riding on said 13th day of October, 1920, and sustained injuries from which he died on the same day.

"VI.  That after the death of the said Frank O. Reese the plaintiff herein, through her attorneys, duly notified the defendant of the death of the insured and requested blanks on which to make proofs of death, but that defendant on October 27, 1920, refused to furnish said blanks and denied liability on said policy for the reason, as defendant asserted to plaintiff, that neither the insured nor anyone for him had paid the semi-annual premium which defendant claimed was due on said policy on July 12, 1920, defendant contending that by reason of the failure to pay said premium said policy had lapsed and was of no force and effect at the date of the death of the insured."

Under the heading of "General Provisions," the following was found in the policy referred to as Exhibit A:

"Payment of Premiums—This Policy is based upon the payment of premiums annually in advance, but if premiums be made payable quarterly or semi-annually, any unpaid premiums required to complete payment for the current insurance year in which death occurs shall be considered an indebtedness to the Company on account

of this Policy. Premiums are payable at the Home Office of the Company, but may be paid to an agent of the Company on or before the dates when due in exchange for official receipts signed by the President or the Secretary and countersigned by an authorized agent of the Company. If any premium be not paid when due, as specified on the first page hereof, this Policy shall be void and all premiums forfeited to the Company, except as herein provided. The payment of any premium shall not maintain the Policy in force beyond the date when the next payment becomes due, except as to the benefits provided for herein after default in premium payment.''

''Indebtedness.—Any indebtedness to the Company on account of this Policy will be deducted in any payment or payments or in any settlement under the Policy.''

The policy also provided that, in the payment of any premium except the first, a grace of thirty-one days would be allowed, during which time the policy was to remain in force, but it provided that, if the policy should become a claim within the grace period, the unpaid premiums for the year should be deducted from the amount of insurance payable.

The appellant's argument upon appeal is to the effect that the failure to pay the second semi-annual premium did not forfeit the policy, but that the policy was in force, and the balance due on the annual premium was an indebtedness to the Company, to be deducted from the face value of the policy.

This identical form of policy has never been construed in this State, so far as we have been able to ascertain, and there are but few cases in the country construing such a policy. The principal case relied upon by appellant to sustain her contention is Bolton v. Standard Life Insurance Company, 219 Ill. App. 177. In that case the policy contained the following provision:

''This policy is based on the payment of premiums annually; but, premiums may be paid, subject to the company's written approval, in semi-annual, quarterly or

monthly installments, at the Company's adopted rates for fractional premiums, provided that in the event of the death of the insured any unpaid portion of the premium for the then current policy year shall be deducted from any amount payable hereunder.''

A grace of thirty-one days was allowed in that policy. However, the court stated in its opinion that there was no direct provision whereby the policy was to lapse, or the insurance to be forfeited, in case of a failure to pay a fractional part of the premium or monthly installment, and stated:

''We are of the opinion that without such an express provision for lapse of the policy or forfeiture, no forfeiture could be enforced.''

The court's opinion holding the policy in force after the failure to pay an installment, was based upon the fact that the policy could not be legally forfeited for the nonpayment of the premium when no provision is made therefor in the policy.

But the situation is different in the case before us. The policy provides for forfeiture in the case of the nonpayment of premiums, and the general rule followed by the courts in construing a policy of this character may be found in Thompson v. Fidelity Mutual Life Insurance Co., 116 Tenn. 557, and cases therein cited. In deciding that case, the court made use of the following language, which in our opinion clearly states the law applicable to the facts in this case:

''The privilege of paying the annual premium in quarterly installments was evidently for the convenience of the insured. Ordinarily, these premiums are payable as a whole in advance for the term of one year. The failure to pay the whole of the premium in such a case works a forfeiture in the event that it is so provided. In this instance the result is the same, upon the failure of the insured to meet his quarterly payments when due. At the end of any quarter there is no obligation imposed upon the insured to pay the next succeeding quarter; his

failure to pay works a forfeiture of his contract, but the company cannot compel him to pay the remaining installments. In the event of the death of the insured, before the end of the first quarter, or any succeeding quarter, if he has paid his premiums when due, his representatives are entitled to collect his insurance. In the absence of any provision permitting the company to deduct from the face value the remaining installments for the year, the insured would receive the face value of the policy, having paid one-fourth, two-fourths, etc., as the case may be, of the annual premium. In order to avoid this, the company said to the insured, 'You pay your premium in installments; if you meet those installments regularly when due and die before all of the installments have become due, we will pay the face value of the policy,' 'less any unpaid portion of the yearly payments.' In other words, the company reserves the right to deduct the dues for the current year accruing but not due. Thus, in the event of a loss, while the contract is in force, to preserve to itself the right to collect the unpaid portion of the annual premium. In the case of a default in the payment of any installment when due, the policy is no longer an existing contract, and the insurer has no right to collect the remaining installments.''

The mere fact that the policy here stipulated that the unpaid premium should become an indebtedness to the company, does not change the situation. We think, under the facts of this case, the policy was forfeited, and the judgment of the trial court should be affirmed. It is so ordered. *Daues, P. J.,* and *Becker, J.,* concur.