Concord Casualty & Surety Company v. Hemphill
(et al., Appellant).

Argued January 23, 1935. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Frank J. Strassner, Jr.,* with him *Edward J. Kirchner,* of *Kirchner, Mitchell & White,* for appellant.

*Herbert A. Barton,* of *Swartz, Campbell & Henry,* for appellee.

PER CURIAM, March 25, 1935:

Plaintiff brought an action of assumpsit on a case stated to recover the sum of $7,705.37 claimed to be owing as premiums on four policies of automobile indemnity insurance. Defendants were Robert P. Hemphill and Container Corporation of America. The former was not served, being a resident of the State of New Jersey at the time of and since the issuance of the writ. The corpora-

tion was properly served and caused an appearance to be entered in its behalf. The court below sustained the claim against Container Corporation and entered judgment against it for the full amount claimed, together with interest from August 19, 1931. From that action the present appeal was taken.

At the time of the events giving rise to this suit, Hemphill was a party to an agreement with Container Corporation of America, under the terms of which the former was to haul merchandise of the corporation in his trucks, and as a protection against liability arising from accidents it was provided that Hemphill should "procure and keep in force indemnity insurance on the trucks . . . with minimum limits of $20,000 to $30,000 on liability insurance and $2,000 limits on property damage insurance." A further clause set forth that "the policies of insurance shall be endorsed to indemnify the Container Corporation as well as Hemphill." Both parties agree that Hemphill, in his relations with Container Corporation, was an independent contractor. In pursuance of the terms of the agreement, he obtained the required insurance for his trucks, the policies being issued by the Concord Casualty and Surety Company through its authorized agent, James A. Andrew. Prior to the issuance of the policies, however, Container Corporation made written request of Andrew to be included as one of the assureds in all policies covering Hemphill's trucks. Accordingly, the policies were drawn to insure "Robert P. Hemphill and/or Container Corporation of America, as their respective interests may appear."

The original policies, two in number, were issued December 3, 1930. They remained in force until March 31, 1931, at which time they were cancelled at Hemphill's request and replaced by two others, issued by the same company, in which the limit of liability was increased from $30,000 to $50,000 in respect to any one accident resulting in bodily injuries to, or the death of, more than one person. As no payments were made by Hemphill on

account of the premiums, the policies were cancelled on June 22, 1931, and on August 19, 1931, demand for payment of the earned premiums was made upon Container Corporation. The action is resisted by appellant on the ground that there was no agreement, express or implied, by Container Corporation to pay the premiums, and that, at the time the policies were ordered from Andrew, he was told by Hemphill of the terms of the latter's contract with Container Corporation, and, with full knowledge of this fact, ordered the policies on the credit of Hemphill alone.

We agree with the court below that, under the state of facts presented by this record, the defense is insufficient to prevent judgment. This is not the case of a third party beneficiary in an insurance contract, who would, of course, not be liable for the premium on a policy issued without his knowledge or consent. On the contrary, it is a situation in which appellant, at its own request, was made a named insured in the policies. It is a significant fact, indicating the interest of Container Corporation in obtaining the desired coverage, that, subsequent to the issuance of both sets of policies, appellant requested they be sent to it for inspection and approval. This was done in both instances.

It is of no moment that Hemphill, under his contract with appellant, was liable for the premiums. Plaintiff was not a party to this arrangement and cannot be bound by it. Nor is it of importance that Andrew knew of the agreement between Hemphill and appellant. He had no authority to issue policies insuring two parties under an agreement to look to but one for payment, and in fact this was not done, for it nowhere appears that plaintiff waived any right to obtain compensation for premiums from Container Corporation. Appellant secured the benefit of the policies while they were in force and cannot be heard to complain of being obliged to pay for that advantage now.

Judgment affirmed.