# Leslie, Insurance Commissioner, v. Peace et al.

*William J. O'Brien*, for plaintiff.

*John B. Martin*, for Commercial Credit Corporation.

*Dilworth, Paxson, Kalish & Green*, for Paul Peace.

OLIVER, P. J., July 19, 1951.—This matter is before us on a nonjury trial. Plaintiff, insurance commissioner of Pennsylvania, as the statutory liquidator of the Paramount Mutual Insurance Company, filed a complaint in assumpsit, to secure an assessment against the two defendants.

Defendant Paul Peace conducted an auto rental agency. In the course of his business, he purchased certain automobiles from automobile dealers. Peace financed the purchase of these cars by executing a note and bailment lease contracts which named the dealers as the bailment lessors. The bailment lease contracts were then assigned to the other defendant, the Commercial Credit Corporation. Before it accepted these assignments, the Commercial Credit Corporation required Peace to take out insurance, naming it as loss payee, with any insurance company which was acceptable to the Commercial Credit Corporation.

Peace, through his own broker, selected the Paramount Mutual Insurance Company. He was issued an insurance policy which was approved by the Commercial Credit Corporation. The policy designated Peace as the "named insured" and the Commercial Credit Corporation as the "loss payee". Peace acquired the exclusive possession and control of the cars. He also paid all the premiums on the policy directly to the Paramount Mutual Insurance Company.

On December 3, 1947, the Common Pleas Court of Dauphin County dissolved the Paramount Mutual Insurance Company and appointed plaintiff as statutory liquidator. On June 16, 1948, the above court ordered the members of the Paramount Mutual Insurance Company to pay an assessment equal to the earned portion of the premiums upon their policies, and further authorized plaintiff to levy and collect the assessments.

The action before us concerns only the liability of the Commercial Credit Corporation, since a judgment was obtained against Paul Peace by default. The sole question for our determination is whether or not the Commercial Credit Corporation, under the terms of the insurance contract, is a member of the Paramount Mutual Insurance Company.

Plaintiff contends that the Commercial Credit Corporation is liable for two reasons. Plaintiff's first contention is that the instant case is ruled by Concord Casualty & Surety Company v. Hemphill et al., 318 Pa. 103 (1935). In the Concord case, an insurance company brought an action to recover premiums from the Container Corporation and one Hemphill, a trucker. Hemphill had a written agreement with the Container Corporation to haul in his truck merchandise belonging to that corporation. The agreement provided that Hemphill would procure and keep in force indemnity insurance on his trucks. A policy was drawn "to insure Robert P. Hemphill and/or Container Corpora-

tion of America, as their respective interests may appear".

The trial court held that under this set of facts, the Container Corporation was properly liable for *premiums* owed on the policy which were in default by Hemphill. The Supreme Court on appeal affirmed the action of the trial court in entering judgment for plaintiff insurance company but, in so doing, specifically pointed out that this was a "situation in which appellant (Container Corporation) at its own request, was made a *named insured* in the policy." (Italics supplied.)

We are of the opinion that the Concord case, supra, is not analogous to the instant case. In the Concord case the Container Corporation was actually one of the insured and, therefore, was liable for the payment of the premiums. The question of whether Container Corporation was liable for assessments as a member of the insurance company was not involved. This question, as we shall point out later, depends upon the terms and provisions of the insurance contract, and the rules, regulations, and bylaws of the insurance company. The designation of a party as a "loss payee" is not enough by itself to make such party a member of the company.

Plaintiff's second contention is that the Commercial Credit Corporation was made a member of the Paramount Mutual Insurance Company under the provisions of article III, sec. 1, of the bylaws of the above insurance company, which read as follows:

"All persons, partnerships and all corporations whose property shall be insured by or with this Company shall become members thereof for and during the time their policies remain in force, and no longer, said membership to begin upon the delivery of the policy."

There is no evidence in this case that Commercial Credit Corporation had any knowledge of the bylaws

of the Paramount Mutual Insurance Company, or had in any way consented to be bound by them. At the time of the trial we reserved decision on the question of the admissibility of the bylaws and expressed doubt as to whether they should be received. We are now of the opinion that, on the above facts, the bylaws are inadmissible. However, the policy makes no reference to the bylaws and no copy of the bylaws was attached to the policy. Therefore, the bylaws are also inadmissible under article III, sec. 318 of the Act of May 17, 1921, P. L. 682, 40 PS §441, which provides as follows:

"All insurance policies, issued by stock or mutual insurance companies or associations doing business in this State, in which the application of the insured, the constitution, by-laws, or other rules of the company form part of the policy or contract between the parties thereto, or have any bearing on said contract, shall contain, or have attached to said policies, correct copies of the application as signed by the applicant, or the constitution, by-laws, or other rules referred to; and, unless so attached and accompanying the policy, no such application, constitution, or by-laws, or other rules shall be received in evidence in any controversy between the parties to, or interested in, the policy, nor shall such application, constitution, by-laws, or other rules be considered a part of the policy or contract between such parties."

It has been held that the above section is mandatory in its requirements, and that its provisions should be strictly enforced: Good v. Metropolitan Life Insurance Company, 166 Pa. Superior Ct. 334 (1950) ; Frost v. Metropolitan Life Insurance Company, 337 Pa. 537 (1940).

In interpreting the former Act of 1881, which employed the identical language (except as to including mutual companies which are now included), the court

in Custer v. Fidelity Mutual Aid Association, 211 Pa. 257, 261 (1905), said:

"It is, therefore, settled by our cases that it is the duty of the insurance company to attach a copy of the application and by-laws to the policy, and unless it is attached they are not a part of the contract of insurance, and are not evidence on the part of the insurance company in an action by the beneficiary on the policy; nor in an action by the company to enforce against the insured the payment of assessments levied in pursuance of their provisions."

We have read the contract of insurance and the record of testimony very carefully in this case, since neither we nor counsel have been able to find an analogous case in this or any other jurisdiction. We find that there is nothing within the four corners of the contract of insurance which recognizes or states that a "loss payee" acquires the privileges and obligations of a member. The only clause in the policy which refers to the question of membership is printed on the last page of the policy under the heading "Mutual Provisions". It reads:

"Membership. This policy is issued by a Mutual Corporation organized and operating under the laws of the Commonwealth of Pennsylvania, and *the insured named herein,* by virtue of the issuance and acceptance of this policy, becomes a member of this Company." (Italics supplied.)

The language of the above clause seems to us clearly to limit the attributes of membership to the named insured. Our view is supported by the fact that the policy contains separate captions, under item 1 of the "Declarations", for the named insured and for the loss payee. The clause quoted above is not in our opinion broad enough to make the loss payee a member of the company.

The record in this case is also devoid of any extrinsic evidence of membership. No roster of membership of the Paramount Insurance Company was offered in evidence. No evidence was presented to indicate that the Commercial Credit Corporation, at any time, had any of the privileges of membership, such as exercising the right to vote, approving or amending the bylaws, or sharing in the dividends.

For the above reasons, therefore, the court finds in favor of defendant Commercial Credit Corporation and against plaintiff. Costs to be paid by plaintiff.